Giles H. Boyd, Appellant, v. The American Carbon Black Company, Frank M. Knapp, John B. Cable and W. S. Hoskins.

*Corporation—Executed contract—Ultra vires.*

A corporation may not avail itself of the defense of ultra vires when a contract which it has entered into has been in good faith fully performed by the other party, and the corporation has had the full benefit of the performance of the contract.

*Corporation—Partnership—Illegal contract—Executed contract—Ultra vires—Equity.*

While a contract of partnership between a corporation and an individual is ultra vires as to the corporation, yet if the contract has been executed, and the corporation has received the benefit of the contract, it will be required in equity to account to the other party for what is due him under the contract.

*Corporation—Stockholder—Partnership—Ultra vires—Executed contract—Equity—Adequate remedy—Accounting—Parties.*

A stockholder and director of a corporation filed a bill in equity against the corporation to have certain agreements between himself and the corporation, and one between the corporation and another corporation declared void, and also for an accounting in certain partnership transactions between himself and the corporation. *Held*, (1) that while the fact that plaintiff was a stockholder and director in the corporation conferred no authority on the corporation to defraud him in partnership transactions with itself, neither did that fact confer on him authority, in the issue raised by the bill, to assert his rights as a stockholder; (2) that on such a bill contracts between the corporation and other parties alleged to be injurious to the stockholders could not be considered; (3) that as the remedy at law would have been cumbersome, inconvenient and inadequate, equity will entertain jurisdiction of the bill.

Argued May 3, 1897. Appeal, No. 51, Jan. T., 1897, by plaintiff, from decree of C. P. McKean Co., Dec. T., 1896, No. 1, dismissing bill in equity. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Reversed.

Bill in equity for an accounting of partnership transactions. Before MORRISON, J.

The three contracts marked exhibits A, B, C, which are decreed to be delivered up by the defendants for cancelation, are

described in their proper order in the opinion of the Supreme Court, where will also be found a full statement of the facts.

The court below sustained a demurrer to the bill.

*Error assigned* was in sustaining demurrer.

*Eugene Mullin*, with him *T. F. Mullin*, *J. P. Mullin* and *E. W. Mullin*, for appellant.—A receiver will be appointed where there is such mismanagement as to endanger the whole concern: Kerr on Receivers, 104, 105.

Where a partnership can no longer be carried on with comfort and advantage to all concerned, a court of equity will decree a dissolution: Jacob C. Shimmer's Appeal, 58 Pa. 178; Collyer on Partnership, par. 297.

Equitable jurisdiction does not depend on the want of a common law remedy. A bill may be sustained solely on the ground that it is the most convenient remedy: Electric Company's Appeal, 114 Pa. 574.

While it may not be legal, and probably is not, for a corporation and an individual to enter into a copartnership, yet their contract relations may be of such a nature that, as between themselves, they may be considered as partners in order to deal equitably between them; and the corporation may not avail itself of the defense of ultra vires where it has had the benefit of a full performance of the contract by the other party: Beach on Corporations, sec. 842; Morawetz on Corporations, sec. 689; 27 Am. & Eng. Ency. of Law, 363; Darst v. Gale, 83 Ill. 137; Bradley v. Ballard, 7 Am. Rep. 656; Wright v. Pipe Line Co.; 101 Pa. 204; Van Kuren v. Trenton Locomotive and Machine Mfg. Co., 13 N. J. Eq. 302; 17 Am. & Eng. Ency. of Law, 927; Bissell v. Michigan Southern & Northern Indiana R. R. Companies, 22 N. Y. 258; Stratton v. Allen, 16 N. J. Eq. 229; 1 Abbott's Dig. Law Corp. 209; Revere v. Boston Copper Co., 15 Pick. 351.

*Geo. A. Berry* of *Berry & Edgett*, for appellees.—Nothing but fraud or palpable mistake is ground for rescinding an executed contract: Geddes's App., 80 Pa. 442; Edmonds's App., 59 Pa. 220; Murray v. R. R., 103 Pa. 37; Sylvius v. Kosek, 117 Pa. 67; Bowers v. Bennethum, 133 Pa. 306; Bispham's Equity, sections 473–5; Brewster's Equity, 218.

All parties to be affected by a decree in equity must be joined: Petitt v. Baird, 10 Phila. 57; Long v. Dickinson, 10 Phila. 108.

Plaintiff has an adequate remedy at law: Thomas v. Hukill, 131 Pa. 298; Hoch v. Bass, 133 Pa. 328; Paton v. Clark, 156 Pa. 49; Hewitt's App., 88 Pa. 55; Smaltz's App., 99 Pa. 310; Gilroy's App., 100 Pa. 7; Coal & Iron Co. v. Scott, 90 Pa. 332.

A corporation has no power to form a partnership with another corporation or an individual: Morawetz on Corp. (2d ed.), sec. 421; Green's Brice's Ultra Vires (2d ed.), 423; Canal Co. v. Fulton Bank, 7 Wend. 412; 1 Lindley on Partnership, *79; Beach on Private Corporations, sec. 842.

An act ultra vires, because in excess of corporate power, is incapable of ratification: Green's Brice's Ultra Vires (2d ed.), 550; Martin v. Zellerbach, 38 Cal. 300; Taymouth Twp. v. Koehler, 35 Mich. 22; Boone's Law of Corporations, sec. 98.

There is a clear distinction between parties who have no knowledge that the contract is ultra vires and enter into it innocently and those who know or are in a position to know: 2 Morawetz on Corporations, sec. 706.

There is no difference between an executed and an executory ultra vires contract: 2 Morawetz on Corp., sec. 705.

OPINION BY MR. JUSTICE DEAN, July 15, 1897:

By an agreement of June 18, 1891, Giles H. Boyd, the appellant, formed a partnership with the appellee, the American Carbon Black Company. Boyd was to furnish gas to the company from his lands in Sargent township, McKean county, for the manufacture of carbon gas black, at one half cent per pound of all black manufactured at works to be erected by the company, he to have an option to acquire one fifth interest in the company, on paying one fifth the cost of constructing and operating the plant; this interest he afterwards took. By a subsequent agreement, dated February 13, 1892, he stipulated not to sell gas to any other person or company for the manufacture of carbon black, gas black, or lamp black from the same premises; in consideration of this the company released him from the obligation of drilling more wells, which he had assumed under the first agreement.

On March 11, 1892, the Carbon Black Company, theretofore only an association of individuals, was duly incorporated for the

purpose of manufacturing "carbon black," etc., and Boyd sub-
scribed and paid for fifty shares of the capital stock of the par
value of $100 per share, and then he was duly elected a director.
The corporation, by the name of the American Carbon Black
Company, succeeded to all the rights of the partnership under
the two agreements.   On April 5, 1893, another agreement was
entered into between Boyd and the corporation, by which it
was stipulated that the parties to the agreement would erect
another factory of a daily capacity of thirty barrels, at Gal-
lagher, Pa., the expense to be borne equally by Boyd and the
corporation ; the corporation agreeing to manufacture carbon
black from surplus gas from Boyd's lands, market it and divide
the profits equally with Boyd; they to jointly drill gas wells.
Accordingly a factory of thirty barrels daily capacity was erected
and put in operation.   But in December 1895, the corporation
partly stopped operations at the second plant, and in June fol-
lowing suspended altogether at that point; neither would it
permit Boyd to operate it; in the meantime, adjoining owners
drilled wells, and are draining the gas underneath Boyd's lands.
After stopping operations at Gallagher, the corporation entered
into an agreement with the Columbian Black Company, another
corporation, to sell to the Columbian all the black it manu-
factured at four cents per pound, and that the two corporations
should divide profits and losses, after deducting three fourths
of a cent per pound for expenses and losses ; and that the Amer-
ican Carbon Black Company should close down its factories
for one year from January 1, 1896, and would manufacture,
when running, to only one half its capacity, on notice at any
time from the Columbian.

On October 5, 1896, Boyd filed a bill in equity against the
American Carbon Black Company and its officers, praying, on
the facts as we have in substance stated them :

1. That the several agreements between him and the com-
pany, and the one between the two companies, be declared void,
and that they be ordered to deliver them up for cancelation.

2. That an account be taken of all the rents, royalties and
profits properly due plaintiff, as well as his proportionate share
of the money improperly paid to the Columbian Company.

3. That the partnership between him and defendant be de-
clared dissolved, and an account be taken.

4. That a receiver be appointed to take charge of the partnership property, books and business.

5. That defendants be decreed to pay whatever balance was found due.

6. That defendants be restrained by injunction from taking gas from plaintiff's land.

7. General relief.

The defendants filed a general demurrer to the jurisdiction, and further demurred specifically, on the grounds :

1. That plaintiff had an adequate remedy at law for all his alleged complaints.

2. That no such partnership as averred by him could be lawfully entered into by a corporation; therefore, equity would not take jurisdiction, either to decree dissolution, an account, or the appointment of a receiver.

The court below, after argument, sustained the demurrer and dismissed the bill.   From that decree we have this appeal.

Of course, the demurrer admits the truth of the averments in plaintiff's bill.   We have then, the facts that the contracts of partnership were made by the plaintiff with the corporation of which he was a stockholder and director and a gross violation by defendants, not only of the contract of partnership, but of the contracts made with him for the purchase of gas from his premises by the partnership.   The principal reason given by the learned judge of the court below for sustaining the demurrer is that the contract of partnership by the corporation was ultra vires ; that no corporation has authority to share its corporate management with natural persons, in a partnership.   And for this ample authority is cited, and the rule cannot be questioned. But, conceding the full force of this rule, does it deprive the plaintiff, on the facts, of all remedy in equity?   Assume that the partnership has not now and never had a legal existence ; that is only because one of the partners had no power to enter into it ; but, while it had no legal existence, it had one in fact ; and the other partner fully performed ; the corporation had the full benefit of the contract up to the time it concluded that it was more profitable to violate its agreements.   Beach on Corporations, sec. 842, says : " It may be considered prima facie ultra vires for an incorporated company to enter into a partnership with other persons ; " but, all the authorities hold that, not-

withstanding the prima facies, if it be shown that the other partner had fully performed his obligations under the contract, this plea will not avail.   " A corporation may not avail itself of the defense ultra vires when the contract has been in good faith fully performed by the other party, and it has had the full benefit of the performance and of the contract: " 27 Am. & Eng. Ency. of Law, 363; Morawetz on Corporations, sec. 689; Wright v. Pipe Line Co., 101 Pa. 204; R. R. Co. v. Transportation Co., 83 Pa. 160.

Taking, as we must, every material averment of plaintiff's bill as an admitted fact, the defense, if it should prevail, would work a palpable injustice.   While public policy demands that the courts should declare such contracts by corporations unlawful, and that they will make no decree which prolongs their life, in fact, for a single day, every principle of equity commands that the corporation receiving a benefit from such contract shall account for what it has received from him who has fully performed.   The contract is not malum in se, but only malum prohibitum; it was illegal, but not iniquitous.· If the corporation has had the benefit of $15,000 paid by Boyd for the construction of the second plant; has received the proceeds of the manufactured product; has used and continues to use his gas, it ought to and must account.   It is wholly immaterial whether the partnership be declared dissolved because it is illegal to carry it on, or it be declared at an end in fact, because of want of power on part of the corporation to enter it; in either case the plaintiff is entitled to his property in possession of defendants, and whatever money they have received more than their share.   As they allege that the contracts with plaintiff were illegal they can claim no rights of possession of the whole partnership assets and plaintiff's property under them, and must deliver them up to be canceled.)   As to the agreement with the Columbian Company, the court below properly held that, as that company was not a party to this suit, no decree affecting it could be made.   In so far as the American Carbon Black Company has made contracts with other parties injurious to its stockholders, such contracts are not involved in this issue.   Plaintiff's plea, here, is as an individual member of an alleged partnership, and our decree is on that issue alone.   While the fact that he was a stockholder and director in the corporation confers no

authority on the corporation to defraud him in partnership transactions with itself, neither does that fact confer on him authority in this issue to assert his rights as a stockholder.

It is possible, in the averments in the bill, plaintiff might have sustained an action at law, but at best, that form of remedy would have been cumbersome and inconvenient, and therefore would not have been adequate: Electric Company's Appeal, 114 Pa. 574.

It is, therefore, directed that the decree of the court below sustaining the demurrer and dismissing the bill be reversed, and that plaintiff's bill be reinstated and taken pro confesso. Further: That the partnership, which was in fact entered into and carried on between plaintiff and defendants, under the three several agreements marked exhibits A, B and C, be declared at an end, and that said contracts be surrendered by defendants for cancelation; that an account be taken of all the rents, royalties, income and profits due plaintiff from said defendants, according to said contracts; that all the business of said partnership in fact be wound up, and all the assets of the same be turned into cash, and an account be then stated between the parties, and distribution of the cash be made as in and by the said contracts the parties have a right to demand, and that proper decrees for enforcing payment according to said distribution be made on the parties by the court below. It is further directed that under the equity rules a receiver be appointed by the court below, to take into his possession the in fact partnership property, books and accounts, to the end that a settlement may be had of its business; and that such further and other decree or decrees be entered by the court below as will promote equity between the parties, in accordance with this opinion.

It is further ordered that appellee pay the costs of this appeal.