## WILLEY v. CROCKER–WOOLWORTH NATIONAL BANK OF SAN FRANCISCO.*

### S. F. No. 2741; May 22, 1903.

#### 72 Pac. 832.

**Partnership.**—A Bank Receiving Deposits from A. B. P. & Co. is put on inquiry as to whether the depositor is not a partnership, rather than the individual A. B. P.

**Partnership.**—A Bank Receiving Deposits from, and Doing Business with, a partnership consisting of an individual and a corporation, is estopped to deny the validity of the partnership, when sued by it for a deposit.

**Partnership—Death of Partner.**—Code of Civil Procedure, section 1585, gives a surviving partner the right to continue in possession of the partnership, and to settle its business and account with the executor or administrator, and to pay over such balances to him as may be payable to him in the right of the decedent. Held, that, as the right of a corporate surviving partner to close up the partnership business after the death of its individual partner was not affected by the question of the legality of a partnership between a corporation and an individual, the estoppel of a bank receiving deposits from and doing business with such partnership to deny its legality was not terminated by the individual partner's death.

APPEAL from Superior Court, City and County of San Francisco; Frank J. Murasky, Judge.

Action by Charles G. Willey against the Crocker-Woolworth National Bank of San Francisco. Judgment for plaintiff and defendant appeals. Affirmed.

Henry E. Monroe and Monroe & Cornwall (Loyd & Wood of counsel) for appellant; Crandall & Bull (H. M. Barstow of counsel) for respondent.

PER CURIAM.—This is an appeal from a judgment on a bill of exceptions. The facts are substantially as follows: A. B. Perry & Co., a copartnership composed of Alvan B. Perry and W. P. Fuller & Co., a corporation, did their banking business with defendant, a banking corporation, and had a deposit account with defendant. On February 14, 1899, the said copartnership had on deposit with defendant

---

*For subsequent opinion in bank, see 141 Cal. 508, 75 Pac. 106.

the sum of $1,720.64, being the amount in controversy herein. On February 16, 1899, the said Alvan B. Perry died, leaving the said W. P. Fuller & Co. as the sole surviving partner. After the death of Perry, the said W. P. Fuller & Co. presented a check, properly drawn, to the defendant, and demanded the payment of said sum, but payment was refused, and has at all times since been refused.   The plaintiff is now the holder of the demand by assignment from W. P. Fuller & Co., as the surviving member of the partnership.   Defendant attempts to justify its refusal to pay upon the following facts: The said A. B. Perry & Co. had their account and did their banking business with the Tallant Banking Company from August 4, 1897, up to November 28, 1898, but the said Alvan B. Perry had no personal account with the said banking company. On August 4, 1897, the said Alvan B. Perry, individually, borrowed from the Tallant Banking Company the sum of $1,600, giving his personal note therefor, payable ninety days after that date, which transaction was entered in their books and carried forward in separate account of Alvan B. Perry under and as bills receivable.   On November 12, 1898, said Tallant Banking Company transferred to defendant certain of its assets, including the said note, and thereupon defendant assumed certain liabilities of the Tallant Banking Company, including the liability for the deposit to the credit of A. B. Perry & Co.   The said deposit account was thereafter kept by defendant with the said A. B. Perry & Co., but said Alvan B. Perry had no individual account with defendant at any time.   After the transfer by said Tallant Banking Company to defendant, it sent notices of interest due on said note to Alvan B. Perry, and the interest on said note was paid by said Perry from time to time.   After the transfer of the said account to defendants, it gave to said A. B. Perry & Co. a passbook inscribed "A. B. Perry & Co.," and the account was so kept on defendant's books, and it dealt with said copartnership as such—received its deposits and honored its checks—without prosecuting any inquiry as to who were the members constituting such copartnership.   On February 16, 1899, the day of Alvan B. Perry's death, and without any authority or request from Alvan B. Perry or from A. B. Perry & Co., defendant charged up to the account of A. B. Perry & Co. the sum of $1,604.96, being the amount due upon the said note.   Defendant claims

that it had the right to pay the said note from the amount due on the said account of A. B. Perry & Co., for the reason that it did not know that anyone other than Alvan B. Perry was a member of or interested in said firm, and for the further reason that the corporation of W. P. Fuller & Co. could not legally enter into a copartnership with an individual, and that for this reason there was no copartnership.

If the money on deposit in the name of A. B. Perry & Co. belonged to a copartnership doing business under the name and style of A. B. Perry & Co., it is clear that defendant had no right to appropriate the deposit for the purpose of paying the individual indebtedness of A. B. Perry. It had made the loan to Perry individually, and had taken his unsecured note for the amount. It knew that it had two different names on its books, and that one, at least apparently, was that of a firm or association of individuals. The words "A. B. Perry & Co." were sufficient, upon their face, to put defendant upon inquiry. And that defendant knew it was dealing with a different person from Alvan B. Perry further appears from the fact that in November, 1898, it loaned the sum of $3,000 to and took the note of A. B. Perry & Co. for the amount. This note was paid by A. B. Perry & Co., and not by Alvan B. Perry. Defendant had no agreement whereby it had any lien or claim on the funds of A. B. Perry & Co. It received the deposit under that name. It cannot, of its own volition, repudiate the obligation by showing that the name was that of something having no legal existence. It is not necessary to decide the question as to whether or not a corporation can legally enter into a copartnership. It will be sufficient to decide that question when it is properly raised by someone who is interested and who has the right to raise it. There is no doubt, in case this suit had been brought by the copartnership during the lifetime of Perry, the defendant would have been estopped from denying that it was a copartnership. Defendant, having voluntarily treated it as such for the purpose of receiving its deposits and business, will be compelled to treat it as such for the purpose of repaying such deposits. Defendant's attorneys, in their closing brief, very frankly and fairly admitted this proposition, and say: "If Perry were alive, and had joined with W. P. Fuller & Co. as plaintiff, or had joined in an assignment of this claim, we frankly and fully admit that the question as

to the power of this corporation to enter into a copartner-
ship would not be before the court.'' And such was the
ruling of this court in Yancy v. Morton, 94 Cal. 561, 29 Pac.
1111, where it was held that the owner of a building was
estopped from setting up the illegality of the formation of
a partnership by two corporations which furnished materials
for the building, in an action to foreclose a lien therefor by
an assignee of the partnership.

The defendant was therefore estopped during the lifetime
of Perry from making any such defense as it is attempting
to make here. It was so estopped at the time it made the
transfer of the partnership account to the payment of the
note of Alvan B. Perry. Then the question arises as to
whether or not such estoppel continued after the death of
Perry, and as to his surviving partner. The heirs and ad-
ministrators of Perry succeed to his rights, and therefore
are in privity with him: Bigelow on Estoppel, 5th ed., pp.
148, 347. In such case the estoppel applies to the privies
in estate: Bigelow on Estoppel, 5th ed., pp. 142, 143. The
corporation of W. P. Fuller & Co. was in fact a copartner,
whether it was so in a legal sense or not. It had acted as
such. Perry, in his lifetime, by express agreement, had
made it such. He was estopped by his agreement from deny-
ing that it was such. Defendant had, by its conduct, treated
it as such. Therefore, when Perry died the corporation was
a surviving partner in fact. Whether it was so legally or
otherwise, it certainly was so as a matter of fact. As such
surviving partner, Code of Civil Procedure, section 1585, gave
it the right ''to continue in possession of the partnership,
and to settle its business . . . . and account with the ex-
ecutor or administrator, and pay over such balances as may
from time to time be payable to him in right of the de-
cedent.'' The estoppel continued after the death of Perry
as to his heirs and legal representatives, as to the condition
of affairs that had been brought about by the surviving
partner, and to any balance that might be due deceased from
the assets of the copartnership. On the other hand, the
assets were liable, for the partnership debts. They were
also liable for any balance due the surviving partner. The
money left in the bank may have been the money of the
surviving partner. Its acts were not ultra vires as to the
deceased partner, nor as to defendant. None of its stock-

holders appear to have objected to its business transactions with deceased. In Block v. Fitzburg R. R., 139 Mass. 310, 1 N. E. 348, where two railroad corporations formed a company called the Despatch Company, and made a contract, as such company, to carry plaintiff's goods from Boston to Chicago, it was held that they were liable to plaintiff for damage to his goods. In the opinion it is said: "They are, so far as plaintiff is concerned, partners, and liable jointly and severally for any loss or damage to his goods between Boston and Chicago." In French v. Donohue, 29 Minn. 111, 12 N. W. 354, where an association or corporation and a third person had assumed to enter into partnership, and jointly transacted business together, it was held that they might recover, by reason of their joint interest, upon·obligations made to them in their partnership names. The court said: "The defendant has obligated himself to whomsoever the name represents, and he will not now be permitted to repudiate such obligations or to deny the legal competency of said partnership, in so far as it may be necessary to enforce the same." A corporation may enforce an accounting in a partnership of which it is a member: Standard Oil Co. v. Scofield, 16 Abb. N. C. 372. It cannot avoid a liability for the debt of a firm, in which firm it is a member, on the ground that it had no power to become a partner: Cameron v. First Nat. Bank of Decatur (Tex. Civ. App. 1896), 34 S. W. 178. Where a corporation does in fact enter into a copartnership, it must account to the other partner, even though it had no legal right to enter into the copartnership: Boyd v. American Carbon Black Co. et al., 182 Pa. 206, 37 Atl. 937. It is therein said: "While public policy demands that the court should declare such contracts by corporations unlawful, and that they will make no decree which prolongs their life, in fact, for a single day, every principle of equity demands that the corporation receiving a benefit from such contract shall account for what it has received from him who has fully performed. The contract is not malum in se, but malum prohibitum. It was illegal, but not iniquitous. If the corporation has had the benefit of $15,000 paid by Boyd for the construction of the second plant, has received the proceeds of the manufactured product, and has used and continues to use his gas, it ought to and must account. It is wholly immaterial whether the partnership be

declared dissolved because it is illegal to carry it on, or it be declared at an end, in fact, because of want of power on part of the corporation to enter into it. In either case the plaintiff is entitled to his property in possession of defendants, and whatever money they may have received, more than their share.'' The reasoning of the above case, which holds that a corporation is liable to an accounting as a partner, would make it liable to an accounting as a surviving partner. To be such, it must necessarily have the right to collect the assets. In this case the partnership was dissolved by the death of Perry. No decree of court could more effectually have dissolved it. Its affairs must be settled. Its creditors, if any, must be paid. The surviving corporate partner must settle with legal representatives of the deceased. To do so, it must be allowed to maintain this action.

The judgment is affirmed.