## Camden Fibre Mills, Inc., v. Lush Cotton Products Co., Inc.

*Shapiro, Conner, Rosenfeld & Stalberg,* for plaintiff.
*H. D. Gottlieb* and *D. Bortin,* for defendant.

FLOOD, J., March 31, 1950.—This is a suit at law for an accounting under an oral contract alleged to have been entered into between plaintiff and defendant under which all purchases of cotton linters, cotton waste and similar products made by defendant's president from the Soviet Union or any agency thereof during the year 1946 were to be made for the account of the two corporations, and all merchandise so purchased was to be resold for their benefit and all profits and losses were to be shared in accordance with the terms of a previous written agreement. Defendant has filed a rule to dismiss the action upon the ground that the court lacks jurisdiction of the suit, since it amounts to a request for a partnership accounting which can be had only in equity and not at law.

Defendant relies primarily upon the case of Stephens et al. v. Lehnert, 310 Pa. 412 (1933). The case holds that in the absence of an express agreement an action in assumpsit for an accounting, as distinguished from a suit in equity, cannot be maintained in respect to partnership transactions unless there has been an accounting or settlement of the partnership affairs.

1. We do not agree that the Stephens case controls the present situation, since the action before us seeks an accounting of a joint venture, not a partnership. Two corporations cannot form a partnership: Act of March 26, 1915, P. L. 18, 59 PS §11; 14a C. J. §2140; see Boyd v. American Carbon Black Co., 182 Pa. 206, 210 (1897) ; Nolan et al. v. J. & M. Doyle Company,

338 Pa. 398, 403 (1940). Therefore, this is not a partnership and does not come within the rule of the Stephens case. Moreover, there is no continuing relationship between the parties such as distinguishes a partnership from a joint venture. Cf. Stephens et al. v. Lehnert, supra.

2. While the Stephens case is the last expression of the Supreme Court upon this subject, we seriously doubt that it is the law today. Prior to 1915 it appears to have been the law that there were only two remedies for a partnership accounting unless a balance had already been struck. The first was an action of account render and the second was a bill in equity. By 1915 the action of account render had gone almost completely out of use and section 11 of the Practice Act of May 14, 1915, P. L. 483, 12 PS §393, 411, provided that if plaintiff avers that defendant has received moneys as agent, trustee or in any other capacity for which he is bound to account to the plaintiff, plaintiff may ask for an account in assumpsit. This is a flat statutory provision permitting an accounting in an assumpsit action when defendant in any capacity whatever has received moneys for which he is bound to account to plaintiff. It seems obvious that the statute would supersede all of the earlier cases cited in Stephens et al. v. Lehnert, supra, which does not mention the Practice Act. There is no indication that section 11 was called to the court's attention in the Stephens case. At the time of the decision of the Stephens case the action of account render was still possible although it had fallen into disuse and was abolished by the Act of May 31, 1933, P. L. 1091, 12 PS §1402a, approved just a little more than two months after the decision in Stephens v. Lehnert, supra. It seems to us obvious upon the face of the Act of 1915 that its draftsman intended section 11 to be a substitute for the common-law action of account render. See Duggan v. Duggan, 291 Pa.

556, 563 (1928). This is confirmed by the subsequent action of the legislature in abolishing the latter action.

We have been referred to no case which has said that a bill in equity was the exclusive procedure in a partnership accounting in Pennsylvania. Account render was a concurrent remedy at the time of the Stephens decision. The reason for creating a concurrent remedy in equity in a partnership accounting is stated by Blackstone to be the necessity for compelling a discovery by defendant as to the state of his account: 3 Blackstone 437. Blackstone does not mention the complexity of the accounting problem which defendant suggests as a reason for exclusive equity jurisdiction. Today discovery can be compelled after an account has been ordered. If it cannot be compelled at law in view of the repeal of section 18 of the Act of 1840, 12 PS §1403, we have no doubt that it can be compelled, if necessary, by an ancillary bill of discovery. The language of the Supreme Court in Peoples City Bank v. John Hancock Mutual Life Insurance Company, 353 Pa. 123 (1945), clearly so indicates. See also Golder v. Rabinowitz, 125 Pa. Superior Ct. 573 (1937). Therefore, the reason for which the equitable remedy was created has disappeared since at the present time it appears that a full and complete remedy can be had at law. If this is so, it may be that equity's jurisdiction in partnership accounting is ousted entirely, under the language of the Act of March 21, 1806, P. L. 558, 4 Sm. L. 326, sec. 13, 46 PS §156, providing that the statutory remedy must be used to the exclusion of all others. But even if equity retains jurisdiction for cases where the accounting is complicated, certainly the equitable jurisdiction is not exclusive.

It is true that the language of the procedural rules is not so detailed as was that of section 11 of the Act of May 14, 1915, supra. Pa. R. C. P. 1021 provides simply that "relief in the alternative or of several

different types, including an accounting, may be demanded". However, it appears that the Procedural Rules Committee had no intention of changing the law with regard to accounting in assumpsit as it existed under section 11 of the Act of 1915 and we believe that the right to an account in assumpsit in partnership cases still exists.

3. Defendant also suggests that a verdict merely requiring defendant to account, as discussed in the case of Clark v. Essex Wire Corporation, 361 Pa. 60 (1949), would settle nothing in this case and the whole question of the interpretation of the oral contract would have to be settled upon the actual accounting. We do not see that this is so. The question of the interpretation of the oral contract should be settled by the jury by submission to them of properly framed questions.

4. Defendant argues vigorously that an account in assumpsit under a procedure which would require a verdict that defendant must account, followed by the appointment of auditors to state the account, would be a throwback to the action of account render which was abolished by the Act of 1933, above referred to. However, the case of Golder v. Rabinowitz et al., 125 Pa. Superior Ct. 573 (1937), sets forth the procedure after verdict in assumpsit in detail. This procedure is the procedure outlined in section 18 of the Act of October 13, 1840, P. L. (1841) 1. Defendant argues that the Superior Court was in error in relying upon this section since it had been repealed when the action of account render was repealed by the Act of May 31, 1933, P. L. 1091. However, if the repeal of the Act of 1840 left no procedure available for stating the account after the verdict of the jury under section 11 of the Practice Act of 1915, then the courts charged with the administration of the Act of 1915 have the right, and therefore the duty, of fashioning the necessary procedure. See the Act of May 24, 1878, P. L.

135, sec. 2, 17 PS §2077. The most that can be said against the statement of the Superior Court in the case of Golder v. Rabinowitz is that it can operate as nothing more than a suggestion to the common pleas courts as to how they should proceed after the verdict of the jury. In Philadelphia the common pleas courts have adopted a rule covering assumpsit cases asking for an account, fashioned to some extent upon section 18 of the Act of 1840, supra, and providing the procedure following the verdict: Philadelphia C. P. Rule *1038. It is also to be noted that very recently the Supreme Court has inferentially approved the procedure suggested in Golder v. Rabinowitz in a case where the procedure under Philadelphia C. P. Rule *1038 was followed: Clark v. Essex Wire Corporation, 361 Pa. 60 (1949).

Rule discharged.