[No. 14604. Department One. — May 24, 1892.]

## T. G. YANCY, RESPONDENT, v. PETER MORTON, APPELLANT.

MECHANICS' LIENS — FORECLOSURE — PARTIES — NON-JOINDER OF CONTRACTORS — OBJECTION UPON APPEAL. — While the contractors are proper parties to an action by material-men to enforce their liens, they are not necessary parties, and the owner of the property cannot complain upon appeal because they were not joined as co-defendants, where he has not asked the trial court for an order to have them so joined.

ID. — ASSUMPSIT AGAINST OWNER OF BUILDING — VALUE OF MATERIALS FURNISHED — INVALID CONTRACT — PLEADING — EVIDENCE. — In an action by a material-man to foreclose a lien under sections 1183 and 1184 of the Code of Civil Procedure, where the claimants sue for the value of the materials furnished at the special instance and request of the owner of the building, the contract with the original contractors being void, it is not necessary that the complaint should set out the original contract, and allege its invalidity; but the plaintiff may show such matters in evidence.

ID. — ILLEGALITY OF PARTNERSHIP FURNISHING MATERIALS — ESTOPPEL OF OWNER OF BUILDING. — The owner of a building is estopped from setting up the illegality of the formation of a partnership by two corporations which furnished materials for the building, in an action to foreclose a lien therefor, by an assignee of the partnership.

ID. — VALIDITY OF CONTRACT — TIME OF PAYMENT OF LAST TWENTY-FIVE PER CENT — OPTIONAL PAYMENT — BOND AGAINST LIENS — SUBSTANTIAL COMPLIANCE WITH STATUTE. — A contract for the erection of a building is not rendered void because it provides that the balance of twenty-five per cent of the contract price shall be paid in thirty-five days after the completion of the building, but may be paid at any time between the date of completion and the thirty-five days in case the contractors show receipts, and give special bonds that all bills will be paid, and that no liens or other claims exist against the premises, such payment to be optional with the owner. Such provision of the contract is in substantial compliance with section 1184 of the Code of Civil Procedure.

ID. — DESCRIPTION OF PROPERTY. — A contract for the erection of a building need not contain a description of the property upon which the building is to be erected.

ID. — FAILURE TO FILE DRAWINGS AND SPECIFICATIONS MADE PART OF CONTRACT. — The failure of the contractor to file in the recorder's office the drawings and specifications of the architect, which the contract recites are signed and attached thereto, and intended to co-operate and become a part of the contract, and which are evidently made an essential part of it, renders the contract void.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Reel B. Terry,* and *George B. Graham,* for Appellant.

Corporations organized under the laws of California cannot enter into copartnership. (Civ. Code, sec. 354, subd. 8, sec. 355; *Smith* v. *Morse,* 2 Cal. 524; *Dartmouth College* v. *Woodward,* 4 Wheat. 518; *Whittenton Mills* v. *Upton,* 10 Gray, 582; *New York etc. Canal Co.* v. *Fulton Bank,* 7 Wend. 412.) The contractors as well as the owner of the building are necessary parties to this action. (*Giant Powder Co.* v. *Flume Co.,* 78 Cal. 193; *San Diego Lumber Co.* v. *Wooldredge,* 90 Cal. 579.) It was not essential to the validity of the contract between the owner and contractor that it should contain a description of the property. (*San Diego Lumber Co.* v. *Wooldredge,* 90 Cal. 579.)

*Church & Cory,* for Respondent.

The contract was void, as a material portion of it, to wit, the drawings and plans, was never attached to it or filed in the recorder's office. (*Holland* v. *Wilson,* 76 Cal. 434; *Worden* v. *Hammond,* 37 Cal. 63.) The contention that the plaintiff cannot maintain this action, as corporations organized under the laws of this state cannot enter into a copartnership, cannot be raised, as the defendant is estopped from questioning the validity of the copartnership, he having contracted with it. (*Fresno Canal and Irrigation Co.* v. *Warner,* 72 Cal. 383; Bigelow on Estoppel, 5th ed., 463–465.)

GAROUTTE, J. — Action by material-men to foreclose a lien for material furnished in the erection of a building. This appeal is by defendant from the judgment and order denying his motion for a new trial. Poore and Anton, as original contractors, agreed to erect a building for defendant for the sum of twenty-seven hundred dollars. Prior to the completion of the contract, they abandoned the work, and plaintiff now brings this action against the owner of the building for the value of

the material furnished, claiming that the contract was absolutely void, because, — 1. Twenty-five per cent of the contract price was not to be retained thirty-five days after the completion of the building; 2. Because the contract contained no description of the property; 3. Because the drawings were made a part of the contract, and were not attached to and filed with it in the recorder's office.

Appellant also complains that the contractors were not joined as co-defendants. While they were proper parties to the action, it does not appear that they were necessary parties, and if the defendant desired to have them joined as co-defendants, he should have made application to the court for such an order. In *Russ Lumber Co.* v. *Garrettson*, 87 Cal. 596, this court declared: "Lastly, it is said that there is no judgment against the parties personally liable, and that such judgment is necessary to support the lien. We know of no law or decision supporting this position." (See also *Green* v. *Clifford, ante,* p. 49.)

The complaint in this case is upon a contract for the value of goods sold at the special instance and request of defendant. Sections 1183 and 1184 of the Code of Civil Procedure provide that when the contract between the parties, for any of the reasons therein enumerated, is void, materials shall be deemed to have been furnished at the special instance and request of the owner, and the building is subject to a lien for the same. In support of his complaint, plaintiff introduced the contract in evidence for the purpose of showing that it was void. The court found such to be the fact, and the evidence and findings were justified under the complaint. No substantial reason is suggested to us why the necessity existed for plaintiff to set out the contract and then allege its invalidity. Such matters were matters of evidence, and the completeness of the pleading did not demand it.

It is alleged that the San Joaquin Lumber Company, the assignor of the plaintiff, is a copartnership formed from the Hanford Lumber Company and the Puget Sound Lumber Company (corporations). The legality of the formation of the partnership is attacked by de-

fendant, but under the principles of *Fresno Canal and Irrigation Co.* v. *Warner*, 72 Cal. 383, and cases there cited, the defendant is estopped from making such defense. It is there decided that "when one has contracted with an alleged corporation, and is sued for failure to perform his contract, he cannot be heard to say that the corporation had no existence, and for that reason no contract was made."

Was the contract in this case between the owner and the contractors void? It provided that thirty-five days after the completion of the building, the balance (twenty-five per cent) of the contract price should be paid, "provided that payment may be made at any time between the date of completion and the said thirty-five days, in case said contractors show receipts, and give special bonds that all bills will be paid, and that no liens or other claims exist against said premises; such payment to be optional with the owner." It would seem that the foregoing provision of the contract is in substantial conformity with the requirement of section 1184 of the Code of Civil Procedure; and the section, in terms, only requires a substantial compliance in this regard. The proviso found in this contract was undoubtedly inserted for the benefit of the contractor, yet, at the same time, it was in no way detrimental to the interests of any prospective lien claimant, for the section expressly so provides. (See *San Diego Lumber Co.* v. *Wooldredge*, 90 Cal. 579.) Neither was the contract void by reason of its not containing a description of the property upon which the building was to be erected. The statute does not require it. (*San Diego Lumber Co.* v. *Wooldredge, supra.*)

We think the remaining objection to the validity of the contract well taken. It is mandatory that the contract should be filed in the recorder's office. This contract provides for the erection of a building "conformable to the drawings and specifications made by James Seadler, architect, and signed by the parties, *and hereunto annexed,* within the time aforesaid." And

again, it is provided therein, "the specifications and drawings are intended to co-operate, so that any works exhibited in the drawings, and not mentioned in the specifications, or *vice versa*, are to be executed the same as if it were mentioned in the specifications set forth in the drawing to true meaning and intention of said drawing and specifications." It is thus apparent that the drawings were made a part of the contract, and an essential part of it. It is recited in the contract that they are signed and attached thereto, but such seems not to be the fact. It follows that the contract in its entirety was never recorded, and it is therefore void. *Holland* v. *Wilson,* 76 Cal. 434, directly supports these views. (See also *Worden* v. *Hammond,* 37 Cal. 61.)

Let the judgment and order be affirmed.

PATERSON, J., and HARRISON, J., concurred.

Hearing in Bank denied.