[L. A. No. 158.    In Bank.—December 18, 1897.]

## SANTA MONICA LUMBER & MILL COMPANY, Respondent, v. J. H. HEGE et al., Appellants.

MECHANIC'S LIEN—CONTRACT FOR MATERIALS—RECORD, WHEN NOT REQUIRED.
Where a lessee, for the purpose of constructing certain additions to the premises leased, purchased materials therefor of less value than one thousand dollars, the provisions of the code relating to a written contract and filing the same for record have no application.

ID.—LIEN FOR MATERIALS—TIME FOR NOTICE—COMPLETION OF BUILDING—PREMATURE FILING.—The lessee having caused the improvements to be constructed for himself, the party furnishing the materials was not an original contractor, and must file a notice of lien within thirty days after the completion of the building; and unless the building was completed before the notice of lien was filed, the filing was premature, and conferred no right to enforce the lien.

ID.—FINDING—COMPLETION BEFORE NOTICE—DATE IMMATERIAL—CONFLICT OF EVIDENCE.—A finding that the building was completed at a particular date, which was prior to the notice of lien, is not material so far as the date is concerned; and though there may be no evidence as to the date of completion, it is sufficient that there is evidence tending to show that the building was completed before the notice of lien was filed, and the finding cannot be disturbed on account of conflicting evidence upon that issue.

ID.—TEST OF COMPLETION—ABSENCE OF PLANS—PRESUMPTION—MATTERS NOT INCLUDED—TRIVIAL IMPERFECTION.—In the absence of any plans of the building, or means of test by which it could be determined when the building was completed, its completion must be determined by the court from all the circumstances of the case shown by the evidence; and where it appeared that no sidewalk was ever constructed, that the building was never painted, and that no eave-troughs or waterclosets were ever constructed, it is to be presumed, in the absence of evidence to the contrary, that the original plans of the building, did not include any of these matters and the court might properly so find; and the failure to make the ridge of the roof tight, and to putty the glass on the outside, is merely a defective performance of the work rather than a failure of completion, and was properly disregarded as a "trivial imperfection."

ID.—CONSTRUCTION BY LESSEE—LIABILITY OF OWNER—ABSENCE OF NOTICE.—Where improvements to the building were constructed by the lessee with the previous knowledge and permission of the owner, his failure to give the notice required by section 1192 of the Code of Civil Procedure rendered his interest in the land subject to the lien of one furnishing materials for the improvements; and it is immaterial whether they were constructed in the particular form, or at the particular place which was authorized by the owner.

ID.—VOID NOTICE OF LIEN—INCORRECT STATEMENT AS TO CONTRACT PRICE—
VARIANCE.—The right to enforce a mechanic's lien depends upon a com-
pliance with the statute; and not only must the notice of lien con-
tain the statements required by section 1187 of the Code of Civil
Procedure, but the statements thus made must be in accordance
with the facts, and if they are not correctly stated the right to a
lien is lost; and though proof that the contract was for the "regular
market price" is not a substantial variance from an allegation that
the contract was for what the materials were reasonably worth;
yet where the notice incorrectly stated the amount of the balance
due as the amount of the contract price of the lumber, and that no
part thereof had been paid, proof that the contract was for a con-
siderably larger price and that payments had been made thereon,
shows a fatal variance in the terms of the contract from that stated
in the notice, and renders the notice of lien defective and void.

ID.—DISTINCTION AS TO VARIANCE—PLEADING AND PROOF—NOTICE OF LIEN AND
PROOF.—The effect of a variance between the pleading and proof is not
governed by the same rules as in the case of a variance between the
notice of lien and the proof. A variance between the pleading and
proof is not material unless the adverse party has been misled thereby
to his prejudice, while a variance between the notice of lien and the
proof, showing that the statement of the contract set forth in the
notice was untrue, is fatal to the lien.

APPEAL from a judgment of the Superior Court of Los An-
geles County. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

Clarence A. Miller, for Appellants.

Tanner & Taft, for Respondent.

HARRISON, J.—Action for the foreclosure of a mechanic's
lien. In May, 1894, the defendant Hege being the owner of a'
lot of land in the town of Santa Monica, on which there was
a dwelling-house, verbally leased the same to his codefendant,
Naumann. Shortly after Naumann had entered into possession
he obtained permission from Hege to construct certain additions
to the building, and for that purpose purchased certain materials
from the plaintiff which were used in their construction. August
11, 1894, the plaintiff filed with the county recorder its claim of
lien therefor upon the land and buildings, and afterward brought
the present action for its enforcement. Naumann suffered de-
fault, and judgment was rendered against him for the amount

claimed by the plaintiff, declaring said amount to be a lien upon the land, and directing its sale. From this judgment Hege has appealed.

As the amount of the materials purchased from the plaintiff was less than $1,000 in value, the provisions of the code relating to a written contract and filing the same for record have no application. Naumann caused the improvements to be constructed for himself, and the plaintiff, not being an "original contractor" (*Sparks v. Butte County Gravel Co.*, 55 Cal. 389), was required to file its notice of lien within thirty days after the completion of the building. Unless the building was completed before the notice of lien was filed, the filing was premature and conferred no right to enforce the lien. (*Roylance v. San Luis Hotel Co.*, 74 Cal. 275; *Schwartz v. Knight*, 74 Cal. 432; *Willamette etc. Co. v. Los Angeles College Co.*, 94 Cal. 229.)

The court finds that the building was completed July 23, 1894, but this finding is attacked as not supported by the evidence. There is no evidence in the record fixing this day as the date on which the building was completed, but, as it was sufficient for the plaintiff to show that the building was completed before its notice of lien was filed, any finding of the particular day was not essential and may be disregarded. There was a conflict of evidence upon this issue, and we cannot say that the finding of the court in favor of the plaintiff was erroneous. Emerson, who worked as a carpenter on the building, testified that he finished work in the latter part of June, and that the buildings were completed "shortly after," and that at the time of the trial the building was in the same condition as then. Naumann testified that the building was not finished on August 11th, and, as items of its incompleteness, mentioned, among others, that it had not been painted and that a sidewalk had not been constructed. It was not shown that any plans of the building were ever prepared, or that there was any test by which it could be determined when it was completed, and, in the absence of such test, its completion would be determined by the court from all the circumstances shown by the evidence. Presumptively, a sidewalk would not be a part of a building; and, as it was shown that the building had never been painted, the court was authorized, in the absence of any evidence on the subject, to find that painting

was not included in the original plan. The same may be said of the absence of eave-troughs and waterclosets. The failure to make the ridge of the roof tight, or to putty the window glass on the outside, was a defective performance of the work rather than a failure to complete the building, and was properly considered by the court as a "trivial imperfection."

The court properly held that the building was constructed with the knowledge of the appellant, and that his failure to give the notice required by section 1192 of the Code of Civil Procedure, rendered his interest in the land subject to the lien. The buildings were constructed by Naumann with his permission, previously given, and the fact that they may not have been constructed in the particular form, or at the place which he authorized, does not relieve him from the knowledge that they were constructed upon his land.

In the notice of lien the plaintiff stated that it agreed to furnish such materials as were ordered by Naumann for said buildings, and to furnish the same as ordered by him; that no definite time was specified for payment therefor, and that they were to be paid for at the current market price; that the amount of the contract price of said lumber and materials furnished as aforesaid is $244.59; that no part thereof has been paid, and that there is still due and owing thereon, after deducting all just credits and offsets, the sum of $244.59. In the complaint herein the plaintiff alleges that the defendants agreed to pay to plaintiff what said materials were reasonably worth, and that the material furnished by it was reasonably worth $244.59. It was shown at the trial that the plaintiff agreed with Naumann to furnish the materials at the regular market prices; that the materials furnished were charged upon its books at the regular market price and amounted to the sum of $419.59, upon which there were credits to the amount of $175.

The right to enforce a mechanic's lien depends upon a compliance with the requirements of the statute. Unless the notice of the lien which is filed with the county recorder contains the statements required by section 1187 of the Code of Civil Procedure, the claimant is not entitled to his lien. This section requires the claim of a materialman to contain "a statement of

his demand after deducting all just credits and offsets," and also "a statement of the terms, time given, and conditions of his contract." The provision that the claim must contain these statements means that the statements thus contained must be correct and in accordance with the facts. If they are not correctly stated the right to a lien is lost. In *Malone v. Big Flat etc. Co.*, 76 Cal. 578, where the notice of lien stated an employment at a fixed rate of compensation, and the complaint proceeded upon a *quantum meruit*, it was held to be such a variance as to preclude a recovery. In *Reed v. Norton*, 90 Cal. 590, where the notice of lien set forth that the materials were to be furnished for what they were reasonably worth, and the proof showed that a portion of them were furnished at an agreed price, a recovery was denied upon the ground that the notice was not such as the statute requires. In *Wagner v. Hansen*, 103 Cal. 104, the notice of lien stated that the claimant had furnished materials and labor for which he was to receive a fixed sum of money, and in his complaint made a similar allegation. At the trial he testified that, with the exception of a small item, there was no agreement as to price. It was held that this was not only a fatal variance, but that it showed that the statute had not been complied with, and that the plaintiff had acquired no lien.

The testimony in the present case shows that the terms of Naumann's contract with the plaintiff for furnishing the material was the same as that stated in the notice of lien. The "regular market price" is the same as the "current market price," and the averment in the complaint that Naumann agreed to pay therefor what the materials were reasonably worth is not such a variance between the pleading and the proof as to authorize a reversal. (Code Civ. Proc., sec. 469.) The effect of a variance between a pleading and the proof is not governed by the same rules as in the case of a variance between the notice of lien and the proof. The notice of lien must contain a correct statement of the facts required by the statute, and, unless so stated, no lien can be enforced; while a variance between the pleading and proof is not material unless the adverse party has been misled thereby to his prejudice. If the action in the present case had been merely to recover for the materials furnished, proof of the

market price would have been evidence of their value, and proof of an agreement to pay their market price would have sustained the allegations in the complaint.

In another particular, however, the notice was defective, and did not authorize the court to enforce the lien against the appellant.

After stating the terms of the contract, the notice states that "the amount of the contract price of said lumber and materials furnished, as aforesaid, is $244.59, and that no part thereof has been paid"; and in the complaint to enforce the lien the plaintiff states that the material so furnished was and is reasonably worth the sum of $244.59, and that no part thereof has been paid, whereas the plaintiff showed at the trial that the amount of the contract price for the materials furnished was $419.59, and that there had been payments thereon to the amount of $175. The plaintiff purported to state in its notice of lien the amount of the entire contract price, and it was required to state such amount truly. The appellant was not a party to this contract, and he had the right to be informed of the facts upon which the plaintiff claimed a lien upon his property. By learning from Naumann that $175 had been paid upon the account for materials, he would have been authorized to settle with him upon that basis; but, whether he did settle or not, there could be no lien upon his property unless the notice was given as required by the statute. "The purpose of the record and statement must be to inform the owner, in case of a contractor and laborers rendering service under such contract, as to the extent and nature of a lienor's claim to facilitate investigation as to its merits. Such a statement as the above would be misleading. The lienor is required to verify the statement. In all essential particulars it must be true." (*Wagner v. Hansen, supra.*)

The judgment and order appealed from are reversed, and the cause remanded for a new trial.

McFarland, J., Temple, J., Garoutte, J., and Henshaw, J., concurred.