[Civ. No. 293.    Second Appellate District.—November 24, 1906.]

## STAR MILL AND LUMBER COMPANY, Respondent, v. JAMES E. PORTER, Appellant.

MECHANICS' LIENS—NOTICE OF LIEN—PLEADING—IMMATERIAL VARIANCE.—In an action to foreclose liens for materials furnished to the contractor, a variance between the amount stated in the notice of lien and a less amount claimed in the complaint is immaterial.

ID.—CONTENTS OF NOTICE—CREDITS—FACTS CORRECTLY STATED.—Whether the full amount of the contract price is stated with credits in the notice of lien or the true amount due after deducting credits is stated is immaterial, provided the facts were correctly stated.

ID.—VARIANCE BETWEEN COMPLAINT, NOTICE, AND FINDING.—The fact that the finding shows a less sum due than that claimed in the complaint, as well as in the notice of lien, shows no material variance. The doctrine of variance in relation to the pleadings has no application to the notice of lien, and it is sufficient that the statement in the notice of lien is true to the extent of the amount found due.

ID.—APPLICATION OF PAYMENT—MATURITY OF OBLIGATIONS—RATABLE APPLICATION.—A payment cannot properly be applied on the obligation earliest in time, but only on the obligation earliest in date of maturity. When different obligations of the same class mature at the same time, the payment is required, by section 1749 of the Civil Code, to be applied to the items so maturing ratably.

ID.—ERRONEOUS APPLICATION NOT PREJUDICIAL—JUDGMENT FOR LESS THAN AMOUNT DUE.—An erroneous application of payment is not prejudicial to the appellant where the record shows that the judgment is for a less sum than would be properly due if the application had been properly made, although the error in allowing judgment for the less sum cannot be corrected upon this appeal.

ID.—TERMS OF CONTRACT—INCORRECT STATEMENT—SUBSTANTIAL TRUTH SHOWN.—Where the notice of lien incorrectly stated that one of the terms of the contract was based upon the reasonable market value, instead of a special promise to pay a fixed amount, and where the finding of the court that this statement, though incorrect, was not made fraudulently, does not show that the price fixed was not the market price, and the evidence shows without contradiction that this was the fact in the case, the statement in the notice of lien is substantially true, which is all that is required to give it validity.

ID.—IMMATERIAL MISSTATEMENT NOT PREJUDICING OWNER.—Where the fact appears that the fixed price stated was the market price, no

injury can result to the owner; nor can the misstatement be re-garded as material.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. W. P: James, Judge.

The facts are stated in the opinion of the court.

John E. Daly, and A. D. Laughlin, for Appellant.

There was a material variance. Plaintiff must recover, if at all, upon the cause of action set out in the complaint, and not upon some other developed in the proofs. (*Moudran* v. *Goux,* 51 Cal. 151; *Bryan* v. *Torney,* 84 Cal. 126, 130, 24 Pac. 319; *Owen* v. *Meade,* 104 Cal. 182, 37 Pac. 923; *Shenandoah etc. Co.* v. *Morgan,* 106 Cal. 409, 39 Pac. 802; *Rogers* v. *Kimball,* 121 Cal. 253, 53 Pac. 648; *Davis* v. *Pacific Teleph. etc. Co.,* 127 Cal. 312, 59 Pac. 698; *Nichols* v. *Randall,* 136 Cal. 431, 69 Pac. 26.) The rule of variance applies to liens of mechanics, and materialmen. (*Reed* v. *Morton,* 99 Cal. 617, 34 Pac. 333; *Palmer* v. *La Veigne,* 104 Cal. 34, 37 Pac. 775; *Santa Monica L. & M. Co.* v. *Hege,* 119 Cal. 380, 51 Pac. 555; *Wilson* v. *Nugent,* 125 Cal. 283, 57 Pac. 1008; *McClain* v. *Hutton,* 131 Cal. 141, 61 Pac. 273, 63 Pac. 182.) There was a misapplication of payment. (Civ. Code, sec. 1479, subd. 3.)

A. C. Lawson, for Respondent.

The application of payment was properly made. (Civ. Code, sec. 1479, subd. 4.) There is no material variance. The notice of lien properly claimed the balance due, and there is no prejudice in the judgment. (Code Civ. Proc., sec. 1187; *Continental B. & L. Assn.* v. *Hutton,* 144 Cal. 609, 78 Pac. 21.)

SMITH, J.—This is an appeal from a judgment for the plaintiff, and from an order denying the defendant's motion for a new trial.

The suit was brought to foreclose several liens for materials furnished the defendant by the plaintiff or the plaintiff's assignors. The judgment and findings with reference to three of these are attacked on various grounds.

The first of these liens set out in the first count of the complaint is attacked on the ground of an insufficiency of evidence to justify the findings of the court as to the contract and notice of lien; and also on the special ground that there is a variance between the allegations of the complaint and the statements of the notice and the facts proven. But we find nothing in the record to sustain these objections.

Another of the liens attacked was that of the O. M. Dunham Company, assigned to the plaintiff and which is set up in the second count of the complaint. With regard to this, the allegations of the complaint are, in effect: (1) That the contract was made by the contractor with the Dunham company for the furnishing of certain materials "to be paid for at the prevailing market value at said time and place, and to be paid for upon the delivery or the completion of the building, or not later than thirty-five days after the completion of said building"; (2) that the material was furnished in pursuance of the agreement, between January 25 and May 16, 1904, and used in the building; (3) that the market value of the material furnished was $132.16, on which nothing has been paid; and (4) that on July 22, 1904, a notice was filed for record by the Dunham company, duly verified, and so on, containing "a true statement of the demand of said company after deducting all just credits and offsets," etc., "with a statement of the terms, time given and conditions of its agreement," etc.

From the findings of the court it appears: (1) That the material used in the building was furnished by the Dunham company under a contract between it and the contractor, but that of the materials furnished a portion was sold for the fixed price of $173, and the balance ($39) at their reasonable market value; (2) that $80 had been paid on the account, leaving due July 22, 1905, $132; (3) that the notice of the claim was filed for record July 22d, as alleged, stating "the terms, time given, and conditions of its contract, except that it is therein erroneously stated that all of said material was furnished at its market value instead of stating, as in truth it should, that of the materials furnished $173 worth was at a fixed price and the remainder, viz., $39 worth, at its market value; but that said incorrect statement was not made fraudulently, or with intent to deceive"; and

(4) as conclusion of law, that the plaintiff was entitled to a lien on the premises for the sum of $39.

One of the points urged by the appellant is, that there is a variance between the amount of materials furnished, $212.16, and the amount claimed in the lien and complaint, $132.16. With regard to the complaint, this is true, though immaterial. (Code Civ. Proc., sec. 469.) The court, in effect, finds that the amount of material furnished under the contract was $212, and that the notice of lien contained a true statement of the terms of the contract, except in certain particulars mentioned, other than the one now under consideration. Whether the full amount of the contract price was stated, with credits, or the true amount due after deducting credits, is immaterial provided the facts were correctly stated. In this respect the case differs from that of *Santa Monica L. & M. Co.* v. *Hege,* 119 Cal. 381, [51 Pac. 555], cited by the appellant, where there was a false statement of the terms of the contract in this respect.

Another point urged is that of the amount claimed in the lien only $39 worth is allowed by the finding; which is also claimed to be a fatal variance. But we do not understand the doctrine of variance in pleadings to have any application to the notice of lien. In the latter case all that is required is that the statements therein contained shall be true, and and if of a claim of $212 or $132, $39 is found to be due, the statement is true to that extent.

Another point urged is that the $80 credit referred to in the findings was wrongly applied, and this, though affecting the judgment only to a small amount, presents several interesting questions. From the bill of goods rendered to the contractor, and appearing in the record, it appears that the credit of $80 was of date February 8th; and it is claimed by the appellant that prior to that date materials had been furnished to the value of $23.04, to which, under the provisions of subdivision 3 of section 1479 of the Civil Code, the credit should have been applied *pro tanto,* leaving only $56.96 to be applied on the $173 contract price. But this is incorrect, both in fact and law. The amount of materials furnished prior to February 8th was $17.66, instead of $23.04, as claimed by the appellant, and the rule given in the section of the Civil Code cited is not that the payment is to be applied to the obligation earliest in date, but to "the obligation earli-

est in date of maturity.'' Here it does not appear that the
purchase money was to be paid on the several items as deliv-
ered, and from the form of the account it must be presumed
that they all matured at one time—that is to say, upon the
completion or thirty-five days after the completion of the
building, as alleged in the complaint, or at some other one date.
Accordingly, the payment is credited to the whole bill. All the
various items of the account, therefore, belong to one class,
and under the provisions of subdivision 3 of section 1479,
Civil Code, it would seem that the payment should be applied
to all items ratably. Under this rule, the amount to be ap-
plied on the $173 obligation would be something over $66,
leaving only something over $13 to be deducted from the
amount of the items allowed.

The court, however, credited the whole of the $80 to the
$173 obligation, and this, we think, was error. But we are
also of the opinion that, under the facts disclosed by the
records, the appellant was not injured by it. It is true that
the court finds that ''of the materials furnished $173 worth
was at a fixed price,'' and as conclusion of law holds that the
plaintiff was not entitled to a lien for this portion of its ac-
count. But it does not appear from the finding of the court
that the price fixed for this portion of the material was not
also the market price; and from the evidence in the case it
appears, without contradiction, that this was in fact the case.
(*Stevenson* v. *Woodward,* 3 Cal. App. 724, [86 Pac. 990].)
The statement in the notice of lien was, therefore, substan-
tially true; which was all that was required to give it valid-
ity. (*Wagner* v. *Hansen,* 103 Cal. 107, [37 Pac. 195].)

The notice is, indeed, incorrect in stating as one of the
terms of the contract that the claim was based upon a *quan-
tum meruit,* instead of upon a special promise to pay a fixed
amount; and this doubtless as a matter of pleading would
constitute at common law a material variance, though hardly
under existing practice. (Code Civ. Proc., sec. 469.) But,
as we have already said, the technical doctrine of variance
has no application to a notice of lien, where all that is re-
quired is that the statement of the terms of the contract shall
be substantially true. There are, indeed, many cases cited
by the appellant, and other cases, which might be conceived
to hold the contrary doctrine. (*Reed* v. *Norton,* 99 Cal. 619,
[34 Pac. 333]; *Palmer* v. *Lavigne,* 104 Cal. 34, [37 Pac.

775]; *Santa Monica L. & M. Co.* v. *Hege,* 119 Cal. 380, [51 Pac. 555]; *Wilson* v. *Nugent,* 125 Cal. 283, [57 Pac. 1008]; *Malone* v. *Big Flat Gravel M. Co.,* 76 Cal. 580, [18 Pac. 772].) But these, or most of them, are distinguished from the present case in that it did not appear that the fixed price stated was the market price. In the absence of this fact, the statement would be substantially false and might mislead the owner to his prejudice. But where the fact appears, no injury can result to the owner; nor can the misstatement be regarded as material. The general effect of the decisions is, therefore, simply to establish the principle laid down in *Wagner* v. *Hansen,* 103 Cal. 107, [37 Pac. 195], which is that a compliance with the statute upon the part of the claimant is essential to the validity of his claim; from which it follows that the statements in the notice must be true "in all essential particulars," and that "there must be a substantial compliance with all these conditions to the right." The case here, we think, comes within this principle.

We are of the opinion, therefore, that upon the evidence before the court a lien should have been allowed for the whole of the plaintiff's claim; and while on this appeal the error cannot be reviewed, yet it appears, without contradiction, from the evidence in the record that the plaintiff has recovered less than it was entitled to, and that the defendant was, therefore, not injured by the error in the application of the $80 credit.

As to the third cause of action, which is that of a lien in favor of one Cruickshank for materials furnished, assigned to the plaintiff, it is found by the court that materials amounting to $789 had been furnished; of which materials of the value of $42.90 were not used in the construction of the building, and of the remainder a portion was sold at the fixed price of $620 and the balance at its reasonable or market value of $169. It is further found that there was a credit upon the bill of $550.55; and as conclusion of law, it is found that the plaintiff has a lien for the sum of $120.10. The objection urged by the appellant is substantially similar to the last of those urged against the lien set up in the second cause of action. But in the case of this lien it is expressly found that the $550.55 was paid on the $620 obligation; and this finding is not attacked in the specifications. This would leave the $169 obligation for which there was a lien unaf-

fected, unless by a deduction of the $42.90 not used in the building, or some other part of it. The amount allowed by the court, therefore, seems to be less than the amount due to the plaintiff.

We are of the opinion, therefore, that the judgment and order appealed from should be affirmed; and it is so ordered.

Allen, J., and Gray, P. J., concurred.