[Civ. No. 568.   Third Appellate District.—May 25, 1909.]

# R. R. LUCAS, Respondent, v. L. S. REA and BANK OF UKIAH, a Corporation, Appellants.

MECHANICS' LIENS—FORECLOSURE BY MATERIALMAN—VOID CONTRACT—
PLEADING.—Where the contract for the construction of a build-
ing for a sum exceeding $1,000 is void because not filed with the
recorder before the work was begun, and because the specifica-
tions which were a part of the contract were not filed with the
recorder, the materials are deemed to have been furnished at the
personal instance of the owner, and it is sufficient for the com-
plaint so to allege, and to assert a lien therefor directly against
the owner, though not in accordance with the actual transaction
between the plaintiff and the contractor.

ID.—PLEADING—INVALIDITY OF CONTRACT—PROOF—PRACTICE.—It is not
essential that the plaintiff should set out the contract or allege
its validity, and the plaintiff may introduce it in evidence, and
show its invalidity. But it is deemed proper practice to allege
the facts as they exist, and leave it to the court to draw the
conclusion that the property is subject to the lien; and where
the contract is void, the plaintiff may pursue that course, or aver
a direct agreement with the owners.

ID.—UNCERTAINTY IN COMPLAINT—NOTICE OF LIEN AS EXHIBIT—IN-
CONSISTENCY — SPECIAL DEMURRER — ERROR NOT PREJUDICIAL.—
Though the allegation that the contract was made by plaintiff
with the owner is inconsistent with the notice of lien, made part
of the complaint as an exhibit, stating that it was made with the
contractor, and admitting that a special demurrer for such un-
certainty should have been sustained, yet the error in refusing to
sustain it will not be deemed prejudicial, nor ground for reversal,
where the court justified the ruling on the ground that the law
made the contract to be with the owner, and the case was tried
on that theory.

ID.—MISTAKE OF AMOUNT DUE IN NOTICE OF LIEN—ABSENCE OF FRAUD
—COMPLAINT FOR LESS SUM.—Where there was a mistake in the
amount stated to be due in the notice of lien, and no fraud ap-
pears, the fact that the complaint is for a less sum, after deduct-
ing payments made, than is called for in the notice is unimportant.

ID.—IMMATERIAL DIFFERENCE.—There is no material difference between
a statement of the whole amount due without setting out the
credits, or a statement of the whole amount of the debit side of
the account, and also of the credits.

10 Cal. App.—41

ID.—IMMATERIAL VARIANCE AS TO TERMS OF CONTRACT—SUBSTANTIAL TRUTH—MARKET VALUE.—The technical doctrine of variance does not apply to the statement of the contract in the notice of lien, all that is required being that the statement of the contract therein shall be substantially true. A statement made as to the terms of the contract which is shown to accord substantially with the actual market value cannot mislead the owner to his prejudice, though the contract is merely implied to pay the market value.

ID.—UNCERTAINTY AS TO TERMS OF CONTRACT—HARMONIOUS CONSTRUCTION—LIEN NOT VITIATED.—Where the notice of lien is uncertain as to whether the claimants rely upon an express or implied contract, but it merely states that the materials were furnished to the contractor, to be used in the construction of the building, that there were no conditions attached to the contract, and no time set for payment, except that payment was to be made when the work was completed, and there was evidence of an account stated thereafter, the notice is to be construed as harmoniously and consistently as possible; and any uncertainty therein cannot vitiate the lien.

APPEAL from a judgment of the Superior Court of Mendocino County, and from an order denying a new trial. J. Q. White, Judge.

The facts are stated in the opinion of the court.

McNab & Hirsch, for Appellants.

J. W. Preston, for Respondent.

BURNETT, J.—A rehearing of this cause was granted principally to give further consideration to the question of variance between the evidence and the notice of lien as to the nature of the contract involved.

A portion of the former opinion we adopt as follows:

"The judgment in favor of plaintiff established and decreed the foreclosure of a lien for materials used in the construction of a residence belonging to defendant Rea and which was mortgaged to the said Bank of Ukiah.

"1. The complaint states facts sufficient to constitute a cause of action. The cases cited to the contrary by appellants are not in point. For instance, in *Nason* v. *John*, 1 Cal. App. 540, [82 Pac. 566], it is stated: 'The action is by a materialman against the owner (appellant) for the value

of material furnished the contractor for the painting of the house of appellant. There is in the complaint no attempt to allege that at the time of filing the notice of lien or of bringing the action there was anything owing from the owner to the contractor, nor is any attempt made in the complaint to allege any fact, such as a premature payment by the owner to the contractor, or the like, that under section 1184 of the Code of Civil Procedure might be claimed to give the materialman a lien against the property of the owner for the value of his material.' It was rightly held, in line with many authorities, that the complaint failed to state a cause of action. Here, however, it does not appear from the complaint that the material was furnished to the contractor. On the contrary, the allegation is: 'That on or about the 6th day of July, 1906, R. R. Lucas and T. A. Lucas, comprising the firm of Lucas Bros., entered into an agreement with the defendant S. L. Rea, wherein and whereby the said R. R. Lucas and T. A. Lucas agreed to furnish . . . and the defendant pursuant to said contract agreed to pay to the said Lucas Brothers for the said material so furnished as aforesaid, the sum of $780.70 upon the completion of said building.' Thus it is seen that the complaint shows a contract directly between the materialman and the owner, and it presents an action in assumpsit with additional appropriate averments for the establishment and foreclosure of a materialman's lien.

"The material was actually furnished, however, to the contractor and under a contract with him and not by virtue of any agreement between the Lucas Bros. and defendant Rea, the owner of the building. This appears from the evidence and also from the notice of lien, which recites: 'That the name of the person by whom claimants were employed and to whom they furnished the material is A. S. Howell, the original contractor with S. L. Rea for the erection of said building, and said A. S. Howell agreed to pay said sum of seven hundred and ninety-nine and 97/100 dollars,' etc. Wherefore, appellants make the further contention that there is a variance between the proof and the allegations of the complaint and that the complaint was rendered ambiguous and uncertain by reason of said notice of lien which was attached to and made a part of said complaint.

"The evidence, though, shows further that the contract between the owner and the contractor was and is void because being for more than $1,000 it was not recorded until after the work was begun and the plans and specifications, which were made a part of the contract, were not recorded at all. (Code Civ. Proc., sec. 1183; *Yancy* v. *Morton,* 94 Cal. 558, [29 Pac. 1111]; *Barrett-Hicks Co.* v. *Glas,* 9 Cal. App. 491, [99 Pac. 856].) Therefore, the materials furnished as aforesaid are deemed to have been furnished at the personal instance of the owner, and a lien can be maintained therefor. (Code Civ. Proc., sec. 1183.) The result is that by operation of law the contract of the Lucas Brothers with the contractor is considered a contract with the owner, and the supreme court has held that it may be so alleged, although not in accordance with the actual transaction.

"In *Yancy* v. *Morton,* 94 Cal. 558, [29 Pac. 1111], it is said: 'The complaint in this case is upon a contract for the value of goods sold at the special instance and request of defendant (the owner). Sections 1183 and 1184 of the Code of Civil Procedure provide that when the contract between the parties, for any of the reasons therein enumerated, is void, materials shall be deemed to have been furnished at the special instance and request of the owner, and the building is subject to a lien for the same. In support of his complaint, plaintiff introduced the contract in evidence for the purpose of showing that it was void. The court found such to be the fact, and the evidence and findings were justified under the complaint. No substantial reason is suggested to us why the necessity existed for plaintiff to set out the contract and then allege its invalidity. Such matters were matters of evidence, and the completeness of the pleading did not demand it.' (See, also, *Davies-Henderson Lumber Co.* v. *Gottschalk,* 81 Cal. 646, [22 Pac. 860]; *Reed* v. *Norton,* 90 Cal. 598, [26 Pac. 767, 27 Pac. 426]; *McClain* v. *Hutton,* 131 Cal. 135, [61 Pac. 273, 63 Pac. 182, 622].)

"In the McClain case it is stated that 'Mrs. Hutton (the owner) was properly named as the person by whom the claimant was employed . . . and there is no objection to the use of this form of statement.'

"It seems to me the better practice to allege the facts as they occur and leave the court to draw the conclusion that

the property is subject to the lien, but it is settled that where
the original contract is void plaintiff may pursue that course
or aver a direct agreement with the owner.

"This is conceded by appellants in their closing brief, but
it is insisted that the notice of lien renders the complaint
subject to the special demurrer for uncertainty and ambiguity.

"An allegation that the contract was made with the owner
is certainly inconsistent with a recital that it was made with
the contractor; but admitting that the special demurrer should
have been sustained on that ground, it is clear that appellants
have not been prejudiced by the error. At the beginning of
the trial an objection was made to the evidence on the ground
of variance between it and the complaint and of the uncer-
tainty growing out of the recitals of the notice of lien, but
the objection was overruled, the court justifying its ruling
'on the theory the law makes the contract between the plain-
tiff and Rea.' The case was tried upon that theory. No
doubt counsel for appellants, upon the argument of the de-
murrer, were informed of plaintiff's contention in that re-
gard, and it would be inexcusable now to reverse the case and
impose the additional cost of a new trial simply because of
the said apparent uncertainty.

"2. If controverted, the terms of the contract must be
proved by the claimant, substantially as set out in his notice
of lien. Appellants complain of a variance inasmuch as while
the notice states that the amount due over and above all set-
offs is $799.97, and that Howell agreed to pay the same on
completion and there was no other condition, the proof shows
that the amount of the bill was not the sum stated either in
the complaint or in the notice, and that there never was an
agreed sum to be paid nor any agreement as to the time of
payment."

It is true that the complaint alleges a demand for $780.70,
but Mr. Lucas testified that this was the amount actually due.
The testimony also reveals that a mistake of about $19 was
made by claimants in their notice, and that they attempted
to state therein the amount due after deducting the payments
that had been made. But as there is no evidence of fraud, it
is unimportant that the complaint is for a small amount less
than what is called for in the notice. (*Barber* v. *Reynolds*,

44 Cal. 519; *Malone* v. *Big Flat Gravel M. Co.,* 76 Cal. 578, [18 Pac. 772]; *Harmon* v. *San Francisco etc. R. R. Co.,* 86 Cal. 617, [25 Pac. 124].) Again, there is no material difference between a statement of the amount due without setting out the credits and a statement of the whole amount of the debit side of the account and also of the credits. (*Star Mill and Lumber Co.* v. *Porter,* 4 Cal. App. 470, [88 Pac. 497].)

On the first hearing the second point discussed seemed fatal to the judgment in view of certain decisions of the supreme court cited in the former opinion. After further consideration we have reached the conclusion that these decisions are not necessarily inconsistent with the said Star Mill and Lumber Co. case which is authority for the position of respondent herein. In that decision by the second district court of appeal it is said: ''The notice is, indeed, incorrect in stating as one of the terms of the contract that the claim was based on a *quantum meruit,* instead of upon a special promise to pay a fixed amount; and this doubtless as a matter of pleading would constitute at common law a material variance, though hardly under existing practice. (Code Civ. Proc., sec. 469.) But as we have already said, the technical doctrine of variance has no application to a notice of lien, when all that is required is that the statement of the terms of the contract shall be substantially true. There are, indeed, many cases cited by the appellant, and other cases, which might be conceived to hold the contrary doctrine. (*Reed* v. *Norton,* 99 Cal. 619, [34 Pac. 333]; *Palmer* v. *Lavigne,* 104 Cal. 34, [37 Pac. 775]; *Santa Monica L. & M. Co.* v. *Hege,* 119 Cal. 380, [51 Pac. 555]; *Wilson* v. *Nugent,* 125 Cal. 283, [57 Pac. 1008].) *But* these or most of them are distinguished from the present case in that it did not appear that the fixed price stated was the market price. In the absence of this fact, the statement would be substantially false and might mislead the owner to his prejudice. But where the fact appears, no injury can result to the owner; nor can the misstatement be regarded as material.''

In the case at bar, conceding that the statement in the notice ''and said A. S. Howell agreed to pay said sum of seven hundred ninety-nine and 97/100 dollars so due upon

completion of the work," sets forth an express agreement at the time the material was ordered, it is difficult to see how the appellants were injured, as the evidence shows that this was actually the market value, barring a slight variance on account of an error committed in the account by Mr. Lucas.

But, again, the said notice is at most simply uncertain as to whether claimants relied upon an express or an implied contract. In the endeavor to comply with the requirement of the statute to set out the "terms, time given, and conditions of his contract," this statement was made in said notice: "That the terms, time and condition of the contract between claimants and said A. S. Howell are as follows: The claimants were employed on or about the 6th day of July, 1906, by said A. S. Howell, the original contractor for said building, to furnish lumber and building material to be used in the construction and erection of said building and its additions. That there were no conditions attached to said contract, between these claimants and said A. S. Howell and no time was set for the payment thereof except that the amount due claimants was to be paid as soon as the work was completed and finished by them." The foregoing purports to contain all the terms of the contract, and, therefore, there is ground for the contention that the declaration in the previous portion of the notice as to the promise to pay was intended to affirm an express agreement to have been subsequently made, to wit, "upon completion of the work." There is, indeed, evidence of an account stated, although the agreement was reached after the completion of the work. The exact time, however, is manifestly immaterial if, as it seems quite probable, this was the promise to which claimants referred in their said notice. By construing the phrase "upon completion of the work" as fixing the time when the promise was made the said notice is rendered harmonious and consistent. At any rate, if there be such an uncertainty in this particular as to render the notice, if it were a complaint, subject to a special demurrer, in view of the circumstances already detailed it would be technical in the extreme to hold the defect fatal to the lien.

We have thus been led to follow what we conceive to be the just and reasonable rule laid down in the Porter case,

supra, which upon examination will be found substantially in harmony with the supreme court decisions.

The judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 24, 1909.