[Civ. No. 563.   Third Appellate District.—May 25, 1909.]

## R. R. LUCAS, Respondent, v. LEANDER GOBBI et al., Appellants.

MECHANICS' LIENS—VOID CONTRACT—FORECLOSURE BY MATERIALMAN—SUFFICIENCY OF COMPLAINT—AGENCY OF CONTRACTOR FOR OWNER. Where a contract to construct a building is void as not having been recorded, any materials furnished to the contractor are deemed to have been furnished at the instance of the owner; and in foreclosing the lien of the materialman, it is sufficient to allege in the complaint that the materials were furnished through the contractor as the agent of the owner.

ID.—CLAIM OF LIEN—MISTAKE IN NAME OF OWNER—LIENS NOT INVALIDATED.—If the name of the owner or reputed owner of the property is not known, the claim of lien is not required to state it; and any mistake in such name cannot invalidate the claim of lien.

ID.—PLEADING—VARIANCE AS TO OWNER IMMATERIAL—ADMISSION IN ANSWER.—A variance in the complaint as to the owner from the name stated in the notice of lien, and any misnomer of the true owner in the complaint, are not material, where the answer raised no issue thereupon, although the evidence shows the variance.

ID.—IMMATERIAL VARIANCE FROM SUM STATED IN NOTICE.—In the absence of fraud the claim will not be defeated because the claimant included too much in his notice; and the fact that the complaint is for about $50 less than the amount alleged to be due in the notice of lien does not show a variance invalidating the claim.

ID.—IMMATERIAL VARIANCE IN DESCRIPTION OF PROPERTY—"DWELLING"—"WOODSHED" INCLUDED.—Although the complaint merely alleges

that the materials were furnished for the construction of a "dwelling," the fact that some of the materials were furnished for the construction of a "woodshed" on the same property does not show a material variance, the "woodshed" being justly considered as part of the "dwelling."

ID.—IMMATERIAL VARIANCE AS TO EXPRESS CONTRACT — ACCORDANCE WITH IMPLIED CONTRACT FROM MARKET VALUE.—Notwithstanding the notice of lien and the complaint both alleged an express promise to pay a definite amount, which amount accords with the market price, and the evidence shows the absence of such express agreement, and only an implied agreement for the market price, the variance is not fatal to the lien, the statement of which was substantially true.

ID.—COMPLAINT FILED IN TIME.—A complaint filed March 27, 1907, to enforce a notice of lien properly filed December 28, 1906, was presented within the ninety days prescribed in section 1190 of the Code of Civil Procedure.

ID.—NOTICE OF LIEN FILED IN TIME—FINDING NOT ASSAILED.—A finding by the court, unassailed, that the building was completed November 28, 1906, establishes that a lien filed December 28, 1906, was filed in proper time, and was not prematurely filed.

ID.—IMMATERIAL DISCREPANCY IN PROOF—NOTICE OF COMPLETION NOT FILED.—A discrepancy between the finding and the proof that the building was completed November 27, 1906, is immaterial, since no notice of the completion of the building was filed, and on the basis of the proof, the notice of lien was filed within the ninety days allowed therefor, after the actual completion of the building.

ID.—UNCERTAIN COMPLAINT—TIME OF COMPLETION—SPECIAL DEMURRER —FACTS KNOWN TO DEFENDANTS—UNCERTAINTY REMOVED—DEFENDANTS NOT PREJUDICED.—Though the complaint was uncertain in its averments as to the time of completion of the building and as to the time of the claim of lien in relation thereto, and though a special demurrer thereto might have been sustained, yet inasmuch as the time of completion was matter peculiarly within defendants' knowledge, and all uncertainty was removed at the trial, the defendants were not prejudiced by the uncertain complaint.

ID.—SUPPORT OF FINDINGS.—*Held*, that the evidence was sufficient to show that the unrecorded contract for the building was for a price exceeding $1,000, and that the value of all materials properly furnished for use in the building was the amount allowed therefor.

ID.—VALID ASSIGNMENT OF LIEN OF COPARTNER TO PLAINTIFF.—Where a lien claimed for materials by a copartnership setting forth the names of both copartners in full was assigned by both of them to the plaintiff, and both names appear in the complaint besides their

partnership names, and the partnership is not denied in the answers, the assignment of their lien is valid without reference to the admitted copartnership.

ID.—FINDING AS TO LABOR PERFORMED IN DELIVERY OF MATERIALS—SURPLUSAGE—PRICE INCLUDING DELIVERY.—Where the price of materials furnished included the delivery, a finding that the lumber and the materials furnished were for the price agreed, including the labor performed in the delivery, may be considered as surplusage as to labor performed.

APPEAL from a judgment of the Superior Court of Mendocino County, and from an order denying a new trial. J. Q. White, Judge.

The facts are stated in the opinion of the court.

J. C. Ruddock, for Appellants.

J. W. Preston, for Respondent.

BURNETT, J.—This is an appeal from the judgment and an order denying the motion for a new trial in an action for the foreclosure of a "materialman's" lien.

1. The first point made by appellants is that the complaint is fatally defective inasmuch as "there is no allegation that at the time of filing the notice of lien any sum was due from the owner to the contractor nor any necessary fact giving the materialman a lien against the property of the owner."

But the plaintiff proceeded upon the theory that the building contract was void, since, being for more than $1,000, it was not recorded. In such a case the material is deemed to have been furnished at the instance of the owner, and it is sufficient to allege that it was thus furnished through the contractor as the agent of said owner. (Code Civ. Proc., sec. 1183; *Yancy* v. *Morton*, 94 Cal. 560, [29 Pac. 1111].)

2. A variance is claimed in several particulars. The claim of lien sets forth: "That the name of the owner and reputed owner of said building is Leander D. Gobbi." The complaint alleges that the material was furnished to Leander D. Gobbi, Mary Gobbi and Catherine Gobbi, the owners of the property. In the answer there is no denial of the allegation of the complaint in reference to the ownership. The testimony of

Leander, however, shows that he was the owner of the property until the building was completed, when it was conveyed to his mother. He also declared that he acted as his mother's agent throughout the entire transaction. Directly in point as to this discrepancy is the case of *McClain* v. *Hutton,* 131 Cal. 138, [61 Pac. 273, 63 Pac. 182, 622], wherein it is said: "The claim of Harrison and that of Hubert each contains the statement 'that Charlotte A. Hutton and Fred Hutton are the names of the owners and reputed owners of said premises'; and it is objected that the latter has no interest, and that the claims are therefore invalid. The statute requires the statement of 'the name of the owner or reputed owner, if known.' 'If the names are not known the claim is sufficient, if it is silent on the subject.' (*West Coast Lumber Co.* v. *Newkirk,* 80 Cal. 227, [22 Pac. 231].) The claimant 'may not know the owner and if he is ignorant of his name he is not required to state it.' (*Corbett* v. *Chambers,* 109 Cal. 183, [41 Pac. 873].) Still less can the validity of the claim be affected by a mistake in attempting to carry out the requirements of the law."

The complaint is also for about $50 less than the amount alleged to be due in the notice of lien. But it is well settled that in the absence of fraud the claim will not be defeated because the claimant has included too much in his notice. (*Barber* v. *Reynolds,* 44 Cal. 519; *Malone* v. *Big Flat Gravel M. Co.,* 76 Cal. 578, [18 Pac. 772]; *Harmon* v. *San Francisco etc. R. R. Co.,* 86 Cal. 617, [25 Pac. 124]; *Continental etc. Assn.* v. *Hutton,* 144 Cal. 611, [78 Pac. 21].)

Another objection is made that while the complaint alleges that the material was furnished for the construction of a "dwelling" the evidence showed that another building on the same lot was included. This other building, however, which required a small amount of the material, was a woodshed and justly held by the court to be a part of the "dwelling." It is within the rule laid down in *McClain* v. *Hutton,* 131 Cal. 132, [61 Pac. 273, 63 Pac. 182, 622], *O'Neill* v. *Taylor,* 59 W. Va. 370, [53 S. E. 474], and *McDermott* v. *Claas,* 104 Mo. 14, [15 S. W. 995]. The result of adopting the view of appellants in this regard, it may be remarked, would be simply to reduce by a small amount the sum found to be due.

The contention that the lien must fail because the evidence shows there was no agreement to pay any definite amount, while the complaint and notice of lien each sets forth an express contract, involves a similar situation to that found in *Lucas* v. *Rea et al., ante,* p. 641, this day decided by this court, and also in *Star Mill & Lumber Co.* v. *Porter,* 4 Cal. App. 470, [88 Pac. 497], and for the reasons therein stated we are of the opinion that the point is not well taken.

3. The complaint seems to have been presented in time. The notice of lien was filed December 28, 1906, and the complaint, March 27, 1907—being thus within the ninety days prescribed in section 1190, Code of Civil Procedure. Likewise it cannot be said that the notice of lien was filed prematurely. It is true that the complaint is somewhat uncertain as to whether the building was completed before or after the filing of the notice of the lien, but the finding is that the building was actually completed on November 28th, thirty days before said December 28th. The evidence shows that it was completed November 27th, but the finding is not attacked on this ground, and, besides, the discrepancy is immaterial (*Santa Monica L. & M. Co.* v. *Hege,* 119 Cal. 378, [51 Pac. 555]), since no notice was given of the completion of the building, and therefore. the claimant would be entitled to ninety days in which to file the notice of lien. (Code Civ. Proc., sec. 1187.)

The court probably should have sustained the demurrer to the complaint on the ground of uncertainty, but the time when the building was completed was peculiarly within the knowledge of defendants. Again, the trial removed any uncertainty, and it is manifest that appellants were not prejudiced by the defective allegation. (*Bank of Lemoore* v. *Fulgham,* 151 Cal. 234, [90 Pac. 936]; *Irgang* v. *Ott,* 9 Cal. App. 440, [99 Pac. 528].)

4. While there may be some conflict in the evidence as to whether the original contract was for more than $1,000, the finding to that effect is abundantly supported. For instance, Mr. Howell, the contractor, was asked this question: "Now what was your contract price for that dwelling-house with Mr. Gobbi?" and his answer was: "Just as I stated, $1,050."

5. There is also evidence to uphold the findings that the material was all purchased to be used, and that, with the

exception of a few items of the value of about $20, which were capable of being segregated, it was actually used in the building. To the extent of these items the court properly reduced the amount claimed by plaintiff.

6. Appellants complain that there was neither a sufficient allegation nor proof of a partnership. The complaint, though, alleges "that on or about the 7th day of September, A. D. 1906, R. R. Lucas and T. A. Lucas, composing the firm of Lucas Bros., entered into an agreement," etc., and in the notice of lien which is expressly made a part of the complaint it is recited that "R. R. Lucas and T. A. Lucas, copartners, under the firm name and style of Lucas Bros., claim a lien." Thus it sufficiently appears, at least in the absence of a special demurrer, that the firm constituted a partnership, and since it is not denied it is deemed admitted by the answer.

But, again, under the circumstances it is entirely immaterial whether plaintiff's assignors constituted a partnership or not. (*Yancy* v. *Morton*, 94 Cal. 560, [29 Pac. 1111].) The most that could be said is that there is an uncertainty in this respect, but it is difficult to perceive how that could be urged as a defense, since there is no uncertainty as to who furnished the material, and it is clear that they made an assignment of their claim to plaintiff.

7. The claim of lien and the complaint allege the amount to be due for lumber and material, while the finding is "that the value of the lumber and building material furnished by said Lucas Bros. that was furnished for and was actually used in the construction of said building was and is the sum of $670.50, including the labor performed in the delivery thereof," but the reference to the "labor" is immaterial and might be rejected as surplusage since the evidence shows that no extra charge was made for the labor, in other words that the price of the lumber included delivery.

8. There is nothing lacking in the evidence as to the amount due. The plaintiff testified definitely as to this and no contrary showing was made by defendants.

The conclusion reached may work a hardship upon appellants, but it is the result of the want of precaution in not having their contract recorded and not the fault of the law. We have examined all the assignments of error, but we find

nothing to warrant a reversal and the judgment and order are, therefore, affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 24, 1909.