B. Fernández Hnos., Sucrs., Plaintiff and Appellee, v. Pedro Ortega, Defendant and Appellant.

No. 7169. Argued February 19, 1937.—Decided April 30, 1937.

*V. Polanco de Jesús* for appellant. *Monserrat & Monserrat* for appellee.

Mr. JUSTICE HUTCHISON delivered the opinion of the court.

This is an action on a stated account.

The first assignment is that the district court erred in overruling defendant's objection to testimony concerning plaintiff's existence as a legal entity and its capacity to sue. The fourth assignment is that the district court erred in permitting a witness to testify as to the existence of a mercantile partnership, contrary to article 119 of the Code of Commerce, in force at the time of the trial. Article 119 appears as section 98 of the 1932 edition. It provides that:

"Every commercial association before beginning business shall be obliged to record its establishment, agreements, and conditions in a public instrument, which shall be presented for record in the mercantile registry, in accordance with the provisions of section 11.

" *     *     *     *     *     *     * "

Those assignments also challenge the sufficiency of the evidence concerning plaintiff's existence as a legal entity.

Plaintiff alleged in a verified complaint that it was a mercantile partnership constituted in accordance with the Code of Commerce. Defendant denied this "for want of sufficient information and belief," but admitted the existence of a cur-

rent account and alleged that plaintiff had refused to credit defendant with $277.20, which amount defendant claimed should have been credited on such account. In this connection defendant specified certain goods furnished defendant by plaintiff, and certain "effects and things of value" which defendant had delivered "to plaintiff and to its managing partners." We are inclined to agree with counsel for appellee that the answer, as a whole, did not raise any issue as to plaintiff's capacity to sue. See: 49 Corpus Juris 122, sec. 121; 49 Id. 788, sec. 1163; 47 Id. 990, sec. 534; 21 Id. 1064, sec. 23; 21 Id. 1237, sec. 243. In any event, the evidence for plaintiff, which was the only evidence adduced at the trial, established the fact that defendant had contracted with plaintiff as a mercantile partnership and was therefore estopped to deny plaintiff's existence as a mercantile partnership. See: *Lamas & Méndez* v. *Betancourt*, 16 P.R.R. 265; *Houston Packing Co.* v. *Pagán López & Co.*, 20 P.R.R. 233; *Schluter & Co. Succrs.* v. *Hernández*, 36 P.R.R. 58; *Rodríguez & Co.* v. *Sons of Mari*, 35 P.R.R. 512; *Succrs. of Canals Bros. Co.* v. *Heirs of Quiñones*, 46 P.R.R. 512; *Yancy* v. *Morton*, 94 Cal. 558, 560; *Lucas* v. *Gobbi*, 10 Cal. A. 648, 103 Pac. 157.

If the district court erred as alleged in the first and fourth assignments, the error was harmless.

The second assignment goes to the weighing of the evidence. It is equally without merit.

██ The third assignment is that the district court erred in overruling defendant's motion to quash an attachment. The sole ground of this motion was that the attached property was the separate property of defendant's wife. Perhaps it would suffice to say that defendant took no exception to the overruling of his motion. A perusal of the opinion in *Truyol* v. *Vázquez*, 46 P.R.R. 713, relied upon by appellant, will suffice to distinguish that case from the case at bar. The

general rule as laid down in 6 Corpus Juris 430, sec. 999, follows:

"As a defendant in attachment cannot ordinarily be injured by a seizure under the writ of property which he does not own, the courts have, as a rule, considered the fact that defendant in attachment has no interest in the property levied on insufficient to warrant a vacation of the attachment."

See also *Pillot* v. *Domínguez,* 24 P.R.R. 601.

The judgment appealed from must be affirmed.