## H. C. TRASK *vs.* R. C. SEARLE.

Hampden.   Sept. 26. — Nov. 4, 1876.   COLT & MORTON, JJ., absent.

Under the Gen. Sts. *c.* 150, § 1, no lien exists for labor performed or furnished in the removal of a building.

PETITION, under the Gen. Sts. *c.* 150, to enforce a mechanic's lien for labor performed and furnished " upon and about the building recently erected, altered and repaired," owned by the respondent, and situated on a certain street in Springfield.   Annexed to the petition was an account containing two items : the first, " for moving and placing the house, $250 ; " and the second, " for raising the house, $25."   The case was submitted to the Superior Court, and, after judgment for the petitioner, to this court, on appeal, on an agreed statement of facts in substance as follows :

At the time the work was done, the respondent owned the lot of land described in the petition, and also the wooden dwelling-house which stood thereon, and which had been erected there about ten years before, and was at that time in complete repair. To render the land more available for building purposes, he decided to lay out a street near the centre of the lot, and divide the whole tract into house lots, and contracted with the petitioner to remove the house, except a small ell, from its original location to another spot, over a newly excavated cellar.   The petitioner did the work according to the contract, leaving the house on blocking or screws until the cellar wall was put in, and then, at the request of the respondent, raised it a few inches to receive the underpinning.   The house was afterward put in condition for occupation in its new position, although it required no refitting other than what was necessary to adapt it to its new position, and to repair certain cracks in plastering occasioned by the removal and the open space where the ell part was cut off.

If the performance of the labor above described would entitle the petitioner to a lien under the provisions of the Gen. Sts. *c.* 150, his lien was to be established for the amount of his bill and interest thereon ; otherwise, the petition to be dismissed.

*M. P. Knowlton,* for the petitioner.

*W. S. Greene*, for the respondent.

*G. Wells*, for the present owner, was also heard.

LORD, J. The principal question in this case is, does the statute, which authorizes a lien upon real estate, give a lien for labor performed in removing a building from one place to another. Mechanics' liens for labor upon buildings are wholly the creation of the statutes upon the subject, There was no lien at common law for such labor. The lien is an incumbrance upon the estate, and is usually, for a time at least, a secret incumbrance. Although, when a lien attaches, the provisions of law upon the subject being remedial, a liberal construction will be put upon the statute for the purpose of accomplishing its objects, yet this applies only to liens which have attached. Upon the question, whether a lien attaches, a different rule of construction obtains. Liens are in derogation of the common law; they may create an interest in land by parol, and that interest may be a secret interest. The court is not authorized to extend the law beyond the causes specifically provided for. It cannot say that the statute by implication includes labor not within its terms. It cannot say that the labor performed is analogous to the labor for which a lien is given by statute; nor can it say, that if the subject is brought to the attention of the Legislature, it would probably give a lien for such labor. The court can only construe the law as enacted by the Legislature; and when, by force of law, the performance of certain labor creates an interest in the real estate of another, the court cannot say that the performance of other labor than that which the statute has expressly named shall thus create an interest in, or divest the owner of an estate in land. The language of the Gen. Sts. *c.* 150, § 1, is: "Any person to whom a debt is due for labor performed or furnished, or for materials furnished and actually used in the erection, alteration or repair of any building or structure upon real estate, by virtue of an agreement with," &c. It is important to observe the phraseology of the statute. It is not for labor performed upon a building, but for labor performed in the erection, alteration or repair of any building or structure. Is the removal of a building from one place to another, whether upon the same lot of land, or to another near or distant lot of land, either an erection, alteration or repair of the

building? We think not. The argument of the petitioner's counsel is, that the digging a cellar and placing underpinning for the reception of the building, and the putting of the building upon it, may, taken together, constitute an erection of a building, because there was then a building where there had not before been one. But this argument is based upon the assumption that the court is authorized to apply the language of the statute to labor analogous to that to which the statute applies. It is not contended that, in the ordinary use of language, this is the erection of a building; but the argument is, that it so clearly resembles in its results the erection of a building, that it may properly be deemed an erection within the meaning of the statute. We cannot assent to such extension of the obvious and natural meaning of the language. We can have no doubt that the word "erection" in the statute means "construction," and that it cannot mean to include something very much like construction. The language of the statute is to be construed by the ordinary use of the words it employs. The moving a building is quite as technical and well understood a phrase as the erection of a building, or altering a building, or repairing a building; and, in the ordinary use of language, no person would understand that either the erection, alteration or repair of a building involved its removal from one place to another. If by implication the removal of a building is to be deemed an erection, alteration or repair, the pulling down a building must also be included, and the work which would create a lien would be determined by judicial and not by legislative authority. The allegation in the petition is that the labor was performed and furnished "upon and about the building recently erected, altered and repaired." There are many varieties of labor which may be performed "upon and about the building recently erected, altered and repaired," and which can in no sense be called labor in the erection, alteration or repair of the building, and the fact that a skilled pleader can only describe the labor as "upon and about" the building recently erected, altered and repaired, is of itself a very strong argument that the labor could not properly be described as labor performed either in the construction, alteration or repair of the building. The language of the statute is so clear and definite that it cannot in any sense be applied properly to a removal of the building.

There is also a claim for twenty-five dollars for raising the building a few inches to receive the underpinning. There are not facts enough stated for the court to say, as matter of law, whether a lien for that sum did or did not attach. It may or may not have attached, but the court cannot establish the lien unless the petitioner shall make it appear affirmatively that it did attach. Upon the case as stated in the agreed statement of facts,            *Judgment must be entered for the respondent.*