[Department One.— January 25, 1883.]

W. F. FRAZER, APPELLANT, v. W. W. BARLOW
ET AL., RESPONDENTS.

<table>
<tr><td>63</td><td>71</td></tr>
<tr><td>103</td><td>107</td></tr>
<tr><td>63</td><td>71</td></tr>
<tr><td>104</td><td>33</td></tr>
</table>

PLEADING — COMPLAINT — INCONSISTENT ALLEGATIONS — DEMURRER. — In an action to enforce a lien for lumber and materials, some of the allegations of the complaint were inconsistent with statements contained in the notice of the lien, a copy of which was attached to and made a part of the complaint. The defendants demurred for ambiguity and uncertainty, and the demurrer was sustained. The plaintiff declined to amend, and a judgment was entered against him on the demurrer. *Held*, that the objection was well founded, and the demurrer properly sustained.

APPEAL from a judgment of the Superior Court of the county of Sacramento.

*L. S. Taylor*, for Appellant.

*Grove L. Johnson*, for Respondents.

PER CURIAM.— Appeal from a judgment upon demurrer entered after plaintiff had declined to amend his complaint.

The action was against three defendants—Barlow, Cronkite, and Ellis—to foreclose a mechanic's lien for a balance due for lumber and materials furnished and used in the construction of a dwelling-house on a lot of land in the city of Sacramento.

The notice of lien was included in and made part of the complaint. The notice contains the statements that Cronkite and Ellis were the reputed owners of the land upon which the house was builded; that the materials which were used in its construction were furnished to Barlow, Cronkite, and Ellis, by the plaintiff. It contains no statement of the date when the building was completed, but it does state that thirty days had not elapsed since the completion of the building. On the other hand the complaint itself alleges that Ellis was the sole owner of the land; that the materials were furnished to Barlow and Cronkite, who had paid the cost of the same, except a balance which remained due and unpaid on the 31st of October, 1881, and that the house in the construction of which the materials were used " was completed November, 1881," and the notice of lien was filed "December 2, 1881." These inconsistent and contradictory statements made the complaint ambiguous, uncertain, and demurrable.

Judgment affirmed.