[No. 19394.   Department Two.—September 8, 1894.]

## J. D. PALMER et al., Respondents, v. JOHN E. LAVIGNE et al., Appellants.

MECHANIC'S LIEN—MOVING HOUSE.—Under section 1183 of the Code of Civil Procedure a contractor performing labor upon a house by moving it from one place to another is entitled to a lien thereon.

ID.—CLAIM OF LIEN—STATEMENT OF OWNERSHIP.—A statement in the claim of lien to the effect that one of the defendants, naming him, " was and still is the reputed owner" of the land on which the house was moved, and that the defendants, naming them, are the " reputed owners" of the house, sufficiently shows the name of the owner or reputed owner of the property, to meet the requirements of the statute.

PLEADING—AMBIGUITY AND UNCERTAINTY.—A complaint is demurrable for ambiguity and uncertainty if its allegations are inconsistent with an exhibit thereto attached.

ID.—ACQUIESCENCE IN CONTRACT.—The complaint in an action to foreclose a mechanic's lien is ambiguous and uncertain if it alleges that the contract on which the lien is based was " made and entered into with the defendants," and the claim of lien attached to the complaint states that the contract was made with one of the defendants, "with the full knowledge and consent of the other," and that " the work was carried on with his full acquiescence."

ID.—CONSENT TO CONTRACT.—One consenting to and acquiescing in work done under a contract entered into by third persons does not thereby become a party to the contract.

HOMESTEAD—MECHANIC'S LIEN.—Since the amendment of March 9, 1887, to section 1241 of the Civil Code, a mechanic's lien may be created on a homestead without the joint action of the husband and wife.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Aitken & Smith*, for Appellants.

*Works & Works*, for Respondents.

SEARLS, C.—This is an action to foreclose a mechanic's lien upon a dwelling-house and the land adjacent thereto, taken under the Code of Civil Procedure, to secure the sum of sixty dollars, due the plaintiffs as copartners and as original contractors for moving the

house upon which the lien is claimed from San Diego to the ranch described in the complaint.

Plaintiffs had judgment of foreclosure, from which judgment and from an order denying a motion for a new trial defendants appeal.

The defendants are husband and wife, and the real estate upon which the lien was foreclosed is the homestead of the defendants under the laws of the state of California.

Defendants filed separate demurrers to the amended complaint differing in some respects, but each averring that the complaint does not state facts sufficient to constitute a cause of action.

The first point made by appellants is, that, under section 1183 of the Code of Civil Procedure, plaintiffs were not entitled to a lien for moving a building. Their contention is that the section specified only gives such lien for labor performed or materials furnished in the *construction, alteration, or repair* either in whole or in part of a building, and that labor performed in removing a building from one point to another is not within the scope or intent of the statute.

So much of section 1183 as is essential to the question is as follows:

"All persons and laborers of every class performing labor upon or furnishing materials to be used in the construction, alteration, addition to or repair, either in whole or in part, of any building . . . . shall have a lien upon the property upon which they have bestowed labor or furnished materials."

We regard the construction of appellant as being erroneous. "All persons and laborers of every class performing labor upon," etc. Manifestly the preposition *upon* refers to and has for its objective the noun "building," and is to be read as though the word "building" with its qualifying word *any* followed immediately after the word *upon*.

The lien to materialmen is only given to those who furnish materials to be used in the *construction, altera-*

*tion, addition to or repair* of the building, etc.; that to laborers is given to all who perform labor upon it, whether technically coming within the definition of construction, alteration, etc., or not.

The case of *Trask* v. *Searle,* 121 Mass. 229, cited and relied upon by appellant is not in point, for the reason that the statute of Massachusetts varies from our own.

It is in part as follows: "Any person to whom a debt is due for labor performed or furnished, or for materials furnished and actually used in the erection, alteration, or repair of any building or structure upon real estate," etc.

As will be observed, there the lien for labor is given for those who have performed or furnished labor in the erection, alteration, or repair of the building, while our statute gives a lien to all laborers who have performed labor upon the building, etc. It follows that the point is not well taken.

The next point is that there is no sufficient statement in the lien which is attached to the complaint of the ownership or reputed ownership of the defendants in the property sought to be foreclosed.

The language of the lien is, after stating the manner and time of payment, the last of which it is averred was to be paid out of the wages of " John Lavigne, her husband, who was and still is the reputed owner of the said Lavigne ranch."

And as to the building which was moved upon the ranch, it is averred the defendants, Mary C. and John E. Lavigne, are the reputed owners.

This was sufficient. The statute only requires the claim of lien to state "the name of the owner or reputed owner if known," which was done.

The demurrer of defendant Mary C. Lavigne to the amended complaint specifies that said complaint is ambiguous in that it cannot be determined therefrom whether the contract alleged in the complaint " to have been entered into by the plaintiffs and the defendants, or one of them, was made by the defendant Mary C.

Lavigne, or by the defendant John E. Lavigne, or both."

4. That it cannot be ascertained therefrom whether plaintiffs seek to hold this defendant under an alleged contract made with her, or on account of some interest which she holds in the land.

There are also separate specifications of uncertainty, and that it is unintelligible, for the same causes set out under the head of ambiguity.

The statement in the claim of lien attached to and made a part of the complaint is that the contract was made with Mary C. Lavigne, and that the "contract was made with the full knowledge and consent of John E. Lavigne, and the work was carried on with his full acquiescence."

The allegation of the complaint is that plaintiffs "made and entered into a contract with defendants," etc. The defendants are John E. Lavigne and Mary C. Lavigne.

It has been said that when the allegations of a complaint are inconsistent with an exhibit attached demurrer for ambiguity and uncertainty is well taken. (*Mendocino County* v. *Morris*, 32 Cal. 145; *Frazer* v. *Barlow*, 63 Cal. 71; *Malone* v. *Big Flat G. M. Co.*, 76 Cal 578; *Aliso W. Co.* v. *Baker*, 95 Cal. 268.)

The fact that a contract was made with Mary C. Lavigne, and that John E. Lavigne had knowledge of it, consented thereto and acquiesced in the work under it, did not make it his contract.

The defendant, Mary C. Lavigne, had a right to know whether it was sought to charge her upon a contract made with her individually, or upon a joint contract entered into with her and the other defendant. Her personal liability, in the one case, for any residue after exhausting the property covered by the lien, would be quite different from that in the other.

We think the complaint was both ambiguous and uncertain; the demurrer, having specifically and sep-

CIV. CAL.—3

arately stated these causes of demurrer and the reasons therefor, should have been sustained, and the order overruling it was erroneous.

There is nothing in the point made by appellant that a mechanic's lien cannot be created upon the homestead, except by the joint action of the husband and wife. (See Code Civ. Proc., sec. 1192.)

*Walsh* v. *McMenomy*, 74 Cal. 356, was decided upon a construction of section 1241 of the Civil Code, as it stood prior to the amendment of March 9, 1887, and has no application to the law as it at present exists.

A homestead is free from forced sale, except as provided by the statute. Among the cases in which it may be sold under execution, precisely as though it was not impressed with the homestead character, are those under judgments obtained upon debts secured by "mechanics', contractors', subcontractors', artisans', architects', builders', laborers' of every class, materialmen's, or vendors' liens on the premises."

The claim and notice of lien was offered in evidence and objected to among other things upon the ground of variance for like reasons with those stated in the demurrer. The objection was overruled, and defendant excepted. The variance was fatal. (*Malone* v. *Big Flat G. M. Co.*, 76 Cal. 581; *Reed* v. *Norton*, 90 Cal. 592; *Cox* v. *McLaughlin*, 63 Cal. 207.)

The judgment and order appealed from should be reversed, and the court below directed to sustain the demurrer of Mary C. Lavigne to the amended complaint.

VANCLIEF, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed, and the court below directed to sustain the demurrer of Mary C. Lavigne to the amended complaint.

McFARLAND, J., FITZGERALD, J., DE HAVEN, J.