John Eichleay, Jr., Appellant, *v.* W. H. Wilson and Alfred H. Jeremy, owners, or reputed owners, and L. C. McCormick, Contractor.

*Mechanic's lien does not attach for removal of building.*

The labor for which a mechanic's lien may be filed must be performed either in the construction, alteration or repair of a building, or structure, or for such other work as may have been expressly provided for by statute, and does not include the labor incident to the removal of a structure from one place to another.

Argued April 13, 1898.    Appeal, No. 81, April T., 1898, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1895, No. 49, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ.    Affirmed.

Sci. fa. sur mechanic's lien.    Before PORTER, J.

It appears from the record and evidence that a lien was filed against a second-hand building, and the curtilage appurtenant thereto, for work done and material furnished in and about the

removal of said building from other premises, upon another street, and erecting it upon a vacant lot, now the liened premises. Plaintiff, during the execution of this work, furnished certain extra work and material upon subsequent orders to the amount of $34.40, as set out in the lien.

Defendants conceded that under the pleadings and evidence plaintiff was entitled to a verdict of $34.40, being the amount claimed for the alleged extra work. They resisted payment as to the balance alleged to be due in removal of the building. The amount claimed for removal being $372.

Verdict and judgment for plaintiff for $39.38. Plaintiff appealed.

*Errors assigned* among others were (1) in charging the jury as follows : " We submit to you the simple question of whether or not it was a new building and not simply an alteration of an old one." (6) In charging the jury as follows : " And, gentlemen, this is the only question upon which you have to pass in the case. You will render a verdict in favor of the plaintiff for $39.38 in any event. In case you find, however, that this was a new construction, then, instead of rendering a verdict for $39.38 you render a verdict for $293.58."

*J. R. Braddock*, with him *Kirk B. Bigham*, for appellant.— The raising and moving trade is peculiarly and exclusively connected with and inseparable from the art of building; it is used and can be carried on in connection with no other art or trade. It requires great skill and a considerable outfit of tools and machinery. It is interwoven with, and dependent upon the carrying on of building, and should, of all trades, for that reason, be favored with the protection of the law.

Since the act of 1887, we have two classes of mechanics' liens; those for erection or construction, and those for addition, alteration or repair, and the appropriate act must be pursued. We submit that the work of raising and moving may be properly classed under either of these, depending upon the character of the work done and the effect produced.

*Thomas Ewing, Jr.*, with him *Alex. Gilfillan*, for appellees.— Under all the decisions of this state it has been uniformly held

that it is essential a new building should be erected or constructed in order that a mechanic's lien may be filed under the act of 1836, and that the law cannot be extended by implication: Landis's Appeal, 10 Pa. 379.

OPINION BY SMITH, J., July 29, 1898:

The question presented in this case is whether a mechanic's lien may be filed for the cost of removing an old building, bodily and without detachment, and placing it on another foundation.    To maintain a lien it must appear by the record that the claim comes within the provisions of the mechanic's lien law; otherwise it may be striken off on motion.    It is not contended, in the present case, that as a matter of fact the claim is for work done in the original construction of the building by making or uniting its parts, or for additions, alterations or repairs thereto, or for any change therein.    The claim is solely for the cost of removal.    The appellant contends that the raising and moving of buildings have become important features of the building trade and are exclusively connected with it, and, therefore, that such work may properly be included under the law permitting liens for "erecting and constructing," and for "additions, alterations and repairs" to buildings.

This question seems never to have reached an appellate court in Pennsylvania, but its solution is readily arrived at through the construction given to our mechanic's lien laws on cognate phases.    Clearly the building was not "added" to, "altered" or "repaired," in the sense which those terms are used and understood, by its mere removal from one place to another; and these words are used in the statute in their natural and ordinary import.    This branch of the question therefore requires no discussion.    Does the provision for a lien for the "erection or construction" of a building apply to the claim in hand?    Literally, to erect is "to build up, build, construct; as to erect a building, a fixture;" while "construction" means the "putting together, ready for use; building; erecting; applied to houses," etc.: Anderson's Law Dictionary.    "The statute creates a lien in favor of mechanics and materialmen, where a building has been erected or constructed.    Hypercriticism upon words or phrases is not much favored in the law, which

looks rather to the intent and spirit than to the letter. Yet we must not confound the meaning of words, which are, in most cases, the true key to the intent of the law giver. In common understanding and language of the people, when we speak of the erection or construction of a house or building, we mean the erection of a new house or building, and not the repair of an old one. And we must presume that such was the intent of the legislature, because it accords with what is the spirit, as well as with the words of the act:" Landis's Appeal, 10 Pa. 379, COULTER, J. The literal definitions of the terms, with their manifest meaning in the acts of assembly, plainly indicate the formation and putting together of a building or other structure, and do not imply merely the removal of a completed structure.

This class of legislation, being in derogation of the common law, is to be strictly construed, and is not to be extended by implication. While its purposes are to be advanced within its scope, it must not be so construed as to include subjects not clearly embraced in its terms. We are not to be understood as holding that the statutes creating these liens are to be construed differently from other expressions of the legislative will; the general rules adopted to discover and interpret the intention of statutes are alike applicable to this class. The law on the subject must be viewed as a whole in considering its purpose and effect. That our mechanic's lien law was not meant to comprehend even incidental matters if not strictly a part of the main building or structure, and has not been so understood, is shown by the fact that since the act of 1836 some fifteen statutes have been passed extending the lien to subordinate parts, distinctive in character, but connected with and used as part of the main structure.

The precise question raised here was passed upon by the Supreme Court of Massachusetts in Trask v. Searle, 121 Mass. 229, on appeal from the Superior Court of that state, under legislation substantially similar to our own. In that case the court said: " The court is not authorized to extend the law beyond the causes specifically provided for. It cannot say that the statute by implication includes labor not within its terms. It cannot say that the labor performed is analogous to the labor for which a lien is given by statute. The court can only

construe the law as enacted.    Is the removal of a building from one place to another, whether upon the same lot of land, or to another near or distant lot of land, either an erection, alteration or repair of the building?    We think not.    The argument is that the digging of a cellar and placing underpinning for the reception of the building and the putting of the building upon it may, taken together, constitute an erection of the building, because there was then a building where there had not before been one.    But this argument is based upon the assumption that the court is authorized to apply the language of the statute to labor analogous to that to which the statute applies. It is not contended that, in the ordinary use of language, this is the erection of a building; but the argument is, that it so clearly resembles in its results the erection of a building, that it may properly be deemed an erection within the meaning of the statute.    We cannot assent to such extension of the obvious and natural meaning of the language.    We can have no doubt that the word ' erection ' in the statute means ' construction,' and that it cannot mean to include something very much like construction.    The language of the statute is to be construed by the ordinary use of the words it employs.    The moving a building is quite as technical and well understood a phrase as the erection of a building or altering a building or repairing a building; and, in the ordinary use of language, no person would understand that either the erection, alteration or repair of a building involved its removal from one place to another." This view of the question is, in our opinion, sound and logical, and we adopt it as a correct exposition of the law on the subject.

We are satisfied, on consideration, that the labor for which a lien may be filed must be performed either in the construction, alteration or repair of a building or structure, or for such other work as may have been expressly provided for by statute, and does not include the labor of the removal of a structure from one place to another.    The language of our statutes on this subject is clear and definite, and cannot, in any proper sense, be applied to the mere removal of a building.

Judgment affirmed.