In Equity.

CHARLES B. WITHAM *vs.* FLORA J. WING et als.

Kennebec.     Opinion October 5, 1911.

*Liens.   Proceedings.   Statement of Lien.   Variance.   Parties.   Pleading.*
*Waiver.   Demurrer.   Vendor and Purchaser.   Revised Statutes,*
*chapter 93, sections 31, 39, 40, 41.*

In an equity suit to enforce a lien for labor and materials, the plaintiff offered in evidence a copy of the record of the lien statement filed in the town clerk's office pursuant to Revised Statutes, chapter 93, section 31, within 60 days after cessation of labor, in order. to preserve his lien, stating the name of the owner, the amounts due, description of the property, etc., as required by the statute, and in addition stating the name of the person with whom the contract was made, which the statute does not require. *Held* that, as the statement was received in evidence, and was admissible, only to show that the plaintiff had taken the necessary steps to preserve his lien, and not to prove the contract, any variance in the name of the persons contracted with, as alleged in the bill and shown in the statement, would not defeat the lien, only being available to impeach the plaintiff's testimony that the contract was made with the person alleged in the bill.

Where after demurrer was filed to the original bill for improper joinder of the defendants, an amendment to the bill was filed by consent, to which the defendants did not demur, but answered by a denial, exceptions to overruling the demurrer to the original bill will not be considered, though the objections urged are open to the defendants on appeal.

Paragraph 6 of the original bill in an equity suit to enforce a materialman's lien alleged that the contract for the work and material was made with W., while paragraph 9 alleged that certain other labor was performed and material furnished by virtue of a contract with W., F., and L. An amendment to the bill alleged that the items sought to be recovered for under paragraph 9 were furnished in carrying out the original contract, with W., being additions thereto made necessary by changes which were, consented to by him and made by his authority. *Held*, that the amendment alleged a different contract than the original bill with reference to the work and material mentioned in paragraph 9, alleging in effect that such work and material were furnished to W., so that it operated as a discontinuance as to F. and L.

Since the joinder of unnecessary parties defendant is ordinarily harmless error, which may be corrected on final decree by making the judgment several, the fact that there was no discontinuance in an equity suit to enforce a materialman's lien as to a defendant who had no interest in the property would not defeat the plaintiff's claim.

Under Revised Statutes, chapter 93, section 39, providing that, when any bill in which a materialman's lien is claimed is filed with the town clerk, he shall file in the registry of deeds a certificate stating the names of the parties and describing the property, etc., the town clerk's certificate, so filed, is notice to the world that the lienor asserts a lien upon the property described, so that one thereafter purchasing it does so at his risk.

A materialman's lien is created by law when the labor and materials are furnished; the lienor being required, to perfect his lien for enforcement by bill in equity, only to record his statement of lien in the town clerk's office, as required by statute.

In equity. On exceptions and appeal by defendants. Exceptions overruled. Appeal dismissed. Decree affirmed.

Bill in equity brought by the plaintiff under the provisions of Revised Statutes, chapter 93, section 33, against Flora J. Wing, L. B. Wing, G. Harold Grant Wing and the Lewiston Trust & Safe Deposit Company, to enforce a lien upon land and certain buildings thereon, situate in Farmingdale, for labor and materials furnished in altering and repairing said buildings. The last named defendant was the mortgagee of the premises. The case went to the Law Court on exceptions and appeal by defendants.

The case is stated in the opinion.

*George W. Heselton,* for plaintiff.

*Oakes, Pulsifer & Ludden,* and *Eaton, Keene & Gardner,* for defendants.

SITTING: SAVAGE, SPEAR, CORNISH, BIRD, HALEY, JJ.

HALEY, J. This is a bill in equity brought by Charles B. Witham to enforce a lien upon land and buildings thereon, situated in Farmingdale, owned by Flora J. Wing, for labor and material furnished in altering and repairing said buildings.

Paragraph 6 of the bill alleges that, by virtue of a contract between the plaintiff and the defendant G. Harold Grant Wing, a son of Flora J. Wing who is alleged to be the owner of the land and

buildings, executed for said G. Harold Grant Wing by his attorney
Charles C. Keene, the plaintiff furnished material and labor, all of
which entered into and were used in erecting, constructing, altering
and repairing the buildings upon which the lien is claimed, and
refers to Exhibit A, which reads:

"To making piazza for house in Farmingdale and
    furnishing material, and to making alterations
    in said house, as per contract dated March
    21, 1910,                                                            $800.00

Credit.

By discount in not furnishing door and
    stair rail as per contract,                        $ 18.00
By cash,                                                        $200.00        $218.00

Balance due,                                                                          $582.00

Paragraph 9 of the bill reads as follows:
"That, by virtue of a contract with the said G. Harold Grant
Wing, Flora J. Wing and L. B. Wing, and with the knowledge
and consent of said owner and mortgagee, the plaintiff performed
certain other labor, and furnished certain other labor and materials,
and made certain changes in the specifications of said written con-
tract, all of which are mentioned and described in the statement
hereunto annexed and made a part hereof and marked Exhibit B,
all of which entered into and were used in altering, constructing
and repairing the building located on said lot."

Exhibit B contains twenty-six items for labor and material
furnished from March 28th to May 2d, inclusive. The bill was
filed in the clerk's office in Kennebec County and subpoena issued,
as prescribed by the rules of court, to Flora J. Wing, L. B. Wing,
G. Harold Grant Wing and the Lewiston Trust and Safe Deposit
Company. The defendants filed an answer with a demurrer
therein. Afterwards, with the consent of the defendants, an amend-
ment was filed and allowed. So much of the amendment as is
material is as follows:

"All the labor and material referred to in Exhibit A of the plaintiff's bill for which the plaintiff seeks to recover, were furnished by the plaintiff by virtue of and in pursuance of a contract with the said G. Harold Grant Wing, and the other contract alleged in the plaintiff's bill to have been made by G. Harold Grant Wing, Flora J. Wing and L. B. Wing as stated in paragraph 9 and Exhbt. B of the plaintiff's bill were merely additional to and modifications of the said original contract with G. Harold Grant Wing, mentioned in Item 6 of the plaintiff's bill, and were made by his authority and with the consent and knowledge of the owner." . . . . .

The case was afterwards set down for hearing and was heard, as appears by the record, upon amended bill, answer, admissions of record and proof. The Justice who heard the case dismissed the bill as to the Lewiston Trust and Safe Deposit Company and L. B. Wing, with costs for each, sustained the bill against G. Harold Grant Wing for $641.46 with interest and cost, with a lien upon the buildings and land described in the bill, and ordered the property sold to satisfy the judgment. The defendant G. Harold Grant Wing claimed an appeal. The case is before the court upon exceptions and appeal.

The plaintiff offered in evidence a copy of the record of the town clerk of the town of Farmingdale, where the property in question is located, which was admitted subject to objection and exception by the defendant. This was a record of the lien statement filed by the plaintiff in the town clerk's office, under the provisions of section 31, chapter 93, R. S., in his attempt to preserve his lien, within sixty days of the time he ceased to labor or furnish material in the construction, altering and repairing the buildings. The objection was that it was a variance, and did not set forth such a lien statement as corresponded to the claim in the bill.

It contained all the necessary statements prescribed by the statute to preserve the lien : a statement of the amount due, credits given, a description of the property sufficiently accurate to identify it, the name of the owner, and was subscribed and sworn to. In addition, it contained the statement that the material and labor were fur-

nished, by virtue of a contract with G. Harold Grant Wing and L. B. Wing, upon the dwelling house described in the bill owned by Flora J. Wing.

The defendant contends that, by the statement in said claim that it was "for labor done and materials furnished by virtue of a contract with G. Harold Grant Wing, of Portland in the County of Cumberland and State of Maine, and L. B. Wing of Farmingdale in the County of Kennebec," afterwards followed by a charge of $800 for making a piazza on the house and furnishing materials, as per contract dated March 21, 1910, and by the further statement, "To other work and other materials furnished by contract with G. Harold Grant Wing and consent of the owner," two separate lien contracts are shown, and that the plaintiff cannot prove and recover in this action judgment against G. Harold Grant Wing and the land and buildings mentioned upon his individual contract, and upon the joint contract of G. Harold Grant Wing and L. B. Wing.

The statute does not require the claim filed in the town clerk's office to contain the name of the person with whom the lienor contracted. The paper was offered in evidence to show that the plaintiff had complied with the statute in regard to filing his statement in the town clerk's office within sixty days of the time he ceased to labor or furnish material, and was admitted in evidence for that purpose. It was admissible for no other purpose when offered by the plaintiff. If it contained more than the statute required, it still contained all the statute required, and was admissible for the purpose of proving that the plaintiff had filed the statement required by law. The fact that the plaintiff stated therein that the work was done and the material furnished by virtue of a contract with G. Harold Grant Wing and L. B. Wing not being required by statute would not defeat the lien, but would be evidence that the defendants might use to impeach the testimony of the plaintiff when he claimed that the contract was made with G. Harold Grant Wing individually, and was undoubtedly used for that purpose at the argument. In order for the plaintiff to maintain his case it was necessary for him to prove that he had filed in the town clerk's office

a certificate containing the statements prescribed in section 31, chapter 93, R. S., and the record was offered and admitted to prove that he had complied with the statute, not as proof of his claim, but as proof that the lien claimed had not been dissolved by his neglect to file the statement required by statute within sixty days from the time he had ceased to labor or furnish material.

The case of *Thurston* v. *Schroeder*, 6 R. I. 272, cited by the defendant, does not apply. That was a petition (corresponding to the bill in equity in this case), for a lien filed against two persons as joint contractors for work done and material furnished by the petitioner, and the court held there was not sufficient evidence submitted to prove that the contract as set forth in the petition was made by the two respondents, and that the plaintiff suing upon a joint contract of Patterson and Schroeder had, by their written evidence, shown only a several contract with Patterson, which their parol evidence had no tendency to vary. In other words, the court held that all the evidence introduced by the plaintiff had failed to prove the contract alleged. In this case the claim filed in the town clerk's office was not offered or received as evidence of the contract. The defendant's position that a different contract was proved than the one alleged could only be taken after the evidence was all in, at which time the statement in the record of the town clerk's office should have been considered with the other evidence to show whether the labor and material were furnished upon the individual contract of G. Harold Grant Wing, or upon the joint contract of G. Harold Grant Wing and another.

In the case of *Palmer* v. *Lavigne*, 104 Cal. 30, also cited by the defendant, there was a demurrer to the complaint because it could not be ascertained from an inspection whether the contract alleged in the complaint to have been entered into by the plaintiff and the defendants was made by Mary C. Lavigne or by the defendant John E. Lavigne, or both, and that it could not be ascertained therefrom whether the plaintiff sought to hold the defendant Mary C. Lavigne under an alleged contract made with her, or on account of some interest which she held in the land. The demurrer was sustained.

VOL. CVIII  24

The exception under discussion is not to the pleadings, but to the admissibility of evidence to show that the statement required by statute to be recorded in the town clerk's office to preserve the lien, had been recorded.

In *Garrison* v. *Hawkins*, 111 Ala. 308, a lien case, also cited by the defendant, the plaintiff alleged that the contract for lumber which was sued on was made with two defendants, Jerome and Mahale B. Garrison, the court in discussing the case says: "There is no proof that Mahale ever had anything to do with the purchase of the lumber, and what relation, if any, she sustained to her co-defendant. But the plaintiff's evidence is full and clear that they contracted with Jerome Garrison alone and furnished the labor to him." That was a case in which the claim of a misjoinder of parties was taken after the evidence was all in, so that the court might see whether one or both parties were liable. There are many cases holding the same as the above cases, but they do not hold that the lienor had lost his lien by inserting in his statement recorded in the town clerk's office statements not required by law. The record was properly admitted for the purpose for which it was received; viz., that the plaintiff claimed a lien upon the land and buildings therein described, and had recorded the statement required by statute within the time fixed by statute to preserve his lien, if entitled to the lien.

The second exception is to the ruling of the court upon the demurrer, which set forth the improper joinder of parties defendants under paragraphs 6 and 9 of the bill. The demurrer was filed to the original bill, and assigned as cause of demurrer the improper joinder of defendants. After the demurrer was filed an amendment was allowed with the consent of the defendants, and the defendants answered the amended bill by the denial of the matters therein contained. If they had wished to object to the amended bill by demurrer, they should have filed a new demurrer to the amended bill. It was not permissible to argue upon the demurrer filed to the original bill for causes set forth therein after the bill had been amended by consent and an amendment filed by defendants to their answers, but a new demurrer should have been filed, specifying the

objections to the amended bill, so that the record would have shown that it was passed upon after the amendment.    As no demurrer was filed to the amended bill, exceptions to the overruling of the demurrer are not properly before the court; but the objections urged are open to the plaintiff upon appeal.

It is objected that the amended bill alleges the existence of the same contract as alleged in the original bill.    The position of the defendant is that the contract in paragraph 6 was the individual contract of G. Harold Grant Wing, and the contract alleged in paragraph 9 was the joint contract of G. Harold Grant Wing, Flora J. Wing and L. B. Wing; that they are separate claims and should have been enforced by separate suits against each of the contracting parties; that the plaintiff cannot maintain this action and recover judgment against G. Harold Grant Wing and the land and buildings upon his individual contract, and his joint contract with Flora J. Wing and L. B. Wing, and that he is seeking to do so by this action.

This objection was well taken by demurrer to the original bill, but the amendment, made by consent, seeks to remove that objection.

Paragraph 6 of the bill alleges the individual contract of G. Harold Grant Wing, and he admits it to be his contract.    The amendment set forth that the charges in paragraph 9 of the bill, which allege the labor and material set forth in Exhibit B, were furnished upon the credit of G. Harold Grant Wing, Flora J. Wing and L. B. Wing, were merely additional to and modifications of said original contract mentioned in paragraph 6, made by the authority of G. Harold Grant Wing.    If so, then all the items charged for were furnished upon the individual contract of G. Harold Grant Wing.    If it was modified and added to with the consent of G. Harold Grant Wing, he was liable for their value and the amendment was, in fact, a discontinuance of the suit against L. B. Wing, and Flora J. Wing, except as she appeared as owner of the property sought to be charged with the plaintiff's lien, and the court would have so ruled if either party had requested.    In fact, the court did so rule by the final decree dismissing the bill as to him with cost.

The fact that there was no discontinuance as to L. B. Wing cannot defeat the plaintiff's claim, for "all persons interested must be parties, either plaintiffs or defendants, and if from over-caution too many be joined, the mistake is harmless and may be corrected on final decree, as the judgment may be several and so framed as to work full and substantial justice." *Brown* v. *Lawton*, 87 Maine, 86 ; *Bugbee* v. *Sargent*, 23 Maine, 269. The effect of the amendment was to make plain the claim of the plaintiff, that the items sought to be recovered for under paragraph 9 were furnished in carrying out the original contract made with G. Harold Grant Wing, being additions to that contract made necessary by changes and additions thereto which were all consented to by G. Harold Grant Wing, and that the plaintiff relied upon that contract without regard to who ordered the changes, or who ordered the work done, that he intended to prove that whoever did order the changes and the work, did so as the agent of G. Harold Grant Wing.

The claim of the defendant that the amended bill alleges the same contract as the defendant claims the original bill alleged, and that there is a fatal variance either of proof or allegations cannot be sustained, and it is unnecessary to discuss the cases cited to sustain the position that if there was a fatal variance the bill cannot be maintained.

It is next objected that, "If the amendment did change the original bill, the effect must be to void attachments of real estate, and in this case, as the lien depends upon the attachment, no right remains for the court to render a valid lien judgment."

No authorities are cited in support of the above proposition. The plaintiff is not seeking to enforce his claim by attachment in an action at law under section 41, chapter 90, R. S. The case was begun by filing the bill in the clerk's office, not by inserting it in a writ of attachment. No attachment was made. The clerk undoubtedly complied with section 40, chapter 90, R. S., and the certificate filed by him in the Registry of Deeds office was notice to the world that the plaintiff claimed a lien upon the property described therein, and that whoever purchased it did so at their risk.

The lien, if there was one, was created by law when the plaintiff furnished the labor and materials used in altering and repairing the house. The plaintiff, by recording his statement in the form required by law in the town clerk's office, within the time fixed by statute, and by bringing his bill to enforce his lien within the time fixed by statute, did all the law required of him to preserve the lien and prevent it from being dissolved, and to subject the property to the payment of the lien judgment he might recover in this bill in equity.

It is next objected that the plaintiff did not run the piazza the full length of the east side of the house; that he stopped 14 inches south of the north corner; that he refused, wilfully and intentionally, to extend it. The evidence is clear and convincing that the piazza was built with the knowledge of the agent of the defendant, G. Harold Grant Wing, after it had been discussed whether it would be better to extend it the whole length or to stop 14 inches from the corner, and that the plaintiff stated he would build it as they wanted it, and he was told to use his own judgment. The objection is without merit. The Justice who heard the case found that the plaintiff furnished the material and labor charged for in altering and repairing the premises described in the bill, and statement filed in the town clerk's office, and that it was furnished upon the contract of G. Harold Grant Wing and with the consent of the owner, who, as a matter of fact, saw the work being done and gave some orders as to what should be done and how it should be done.

No objection is made to the sufficiency of the proof authorizing the judgment ordered by the Justice who heard the case if the objections already considered are not sufficient to defeat the action. It is the opinion of the court that the objections are without merit, and that the entry should be,

　　　　　　　*Exceptions overruled.　Appeal dismissed.*
　　　　　　　*Decree appealed from affirmed with cost*
　　　　　　　*of appeal.*