## Jan-Lee Corporation v. Thompson Realty Company

458

*I. Finkelstein,* for plaintiff.
*Jerome L. Markovitz,* for defendant.

MACNEILLE, P. J., November 18, 1954.—We are considering defendant's petition seeking to have plaintiff's mechanic's lien claim stricken. From the record and the petition and answer it appears that plaintiff filed a mechanic's lien claim as against the premises 1301-05 North Broad Street, Philadelphia, for work performed and materials supplied pursuant to a written contract and subsequent oral modifications thereto. Accepting plaintiff's description of the work performed, it appears that certain buildings were leveled and demolished; that the entire plot was leveled, graded and filled in and that the plot was prepared for use as an automobile lot. The parties join issue on the legal question of whether or not a mechanic's lien may be asserted for demolition and grading work which is not preparatory to new construction. The lien claim includes removal of rubbish, trash and garbage which plaintiff contends may be comprehended as an incident to the general contract. An additional assertion by defendant to the effect that the notice served on defendant pursuant to the Act of June 4, 1901, P. L. 431, sec. 21, as amended by the Act of April 5, 1917, P. L. 42, sec. 1, 49 PS §131, was defective because it failed to set forth the exact date on which the lien was filed is without merit and will not be considered further. See Este v. Pa. R. R. Co., 27 Pa. Superior Ct.

521, 524 (1905); Emrick v. Beechview, 17 Dist. R. 426 (1908).

Plaintiff relies upon section 2 of the Mechanic's Lien Act of June 4, 1901, P. L. 431, 49 PS §21 as authority for the filing of a lien for demolition and grading work which is not performed in contemplation of further construction work. This section provides as follows:

"Every structure or other improvement, and the curtilage appurtenant thereto shall be subject to a lien for the payment of all debts due to the contractor or subcontractor in the erection and construction or removal thereof, in the addition thereto, and in the alteration and repair thereof, and of the outhouses, sidewalks, yards, fences, walls, or other enclosure belonging to said structure or other improvement."

Prior to the Act of 1901, which consolidated and collected the various statutes pertaining to mechanics' liens,* there does not appear to have been any reported decision on the question of whether a contractor could file a lien for demolition and removal services not incident to further construction work. In McCristal v. Cochran, 147 Pa. 225 (1892), a subcontractor filed a lien for various items, including the demolition of an old building, preparatory to the erection of a new one. The court sustained the lien on the basis of certain clearly allowable items, noting that the insufficiency of some items would not be a ground for striking off a claim, and stated:

"Whether such demolition is part of the erection of a new building is a question which we do not find decided by this court in any reported case."

We are of the opinion that services rendered in the demolition of a building and the grading or clearing of a plot of ground cannot form a basis for the filing of a mechanic's lien claim unless such work is inci-

---

* See historical note to 49 PS §1.

dental to or preparatory to the alteration, erection and construction of a building or other structure. It has been variously stated that the mechanic's lien is an extraordinary remedy granted to workmen as an additional remedy in effecting collection of compensation for services rendered and materials supplied. It is a remedy in derogation of the common law and must be strictly construed. See Eichleay v. Wilson, 8 Pa. Superior Ct. 14, 17 (1898). Mechanic's lien legislation falls within the category of special legislation and it is valid only insofar as it does not create or extend such liens beyond their scope as enacted prior to the adoption of the Constitution of 1874.

Article III, sec. 7, of the Pennsylvania Constitution pertinently provides, inter alia, that:

"The General Assembly shall not pass any local or special law: Authorizing the creation, extension or impairing of liens. . . ."

It has been held that this provision prohibits the extension of the mechanic's lien beyond its scope as it existed prior to the adoption of the Constitution of 1874. In Silfies v. Austin, 104 Pa. Superior Ct. 344, 348 (1931), the court stated per Stadtfeld, J.:

"Insofar as this act [Mechanic's Lien Act of June 4, 1901] would give rights which this claimant did not possess prior to the Constitution of 1874, it is unconstitutional, and its language must be construed so as not to confer upon this special class of claimants any additional rights: Dyer v. Wallace, 264 Pa. 169, 174; Fluke v. Lang, 283 Pa. 54, 58."

In Sumption v. Rogers (No. 1), 53 Pa. Superior Ct. 109 (1913), President Judge Rice quoted with approval from Mr. Justice Potter's opinion in Page v. Carr, 232 Pa. 371 (1911), as follows:

". . . any provision of the act of 1901 [Mechanic's Lien Act of 1901] which is clearly divergent from,

and is an advance upon the law as it stood prior to the constitution of 1874, is to be regarded as invalid."

See also Vulcanite Portland Cement Co. v. Allison, 220 Pa. 382 (1908); Henry Taylor Lumber Co. v. Carnegie Institute, 225 Pa. 486 (1909).

Upon a consideration of the history and scope of the mechanic's lien prior to 1874 we conclude that such lien could not have been filed for demolition and removal work unrelated to an erection or construction process. Therefore by the familiar rule that statutes are, if possible, to be given a construction in accord with rather than in conflict with the Constitution, we are of the opinion that the words "or removal of", as they appear in section 2 of the Act of 1901, have reference to work done in conjunction with or preliminary to other construction work. In this case no new construction was done or even contemplated and the mechanic's lien was therefore filed without authority.

It may be noted that plaintiff moved and relocated "two small frame office shacks" from one portion of the premises to another. In Eichleay v. Wilson, 8 Pa. Superior Ct. 14 (1898), it was held that the removal of a building from one lot to another did not authorize the use of a mechanic's lien; that the digging of a foundation and provision of supports to receive an otherwise intact building was insufficient. In Parkhill v. Hendricks, 53 Pa. Superior Ct. 9 (1913), it was held that a mechanic's lien could not be filed for grading and sodding.

Wherefore, we enter the following

### Order

And now, November 18, 1954, the rule heretofore granted upon plaintiff to show cause why the mechanic's lien claim filed in the within case should not be stricken off is made absolute.