[Civ. No. 12722. Fourth Dist., Div. One. Feb. 13, 1974.]

BERNARD S. MILLS, Plaintiff and Appellant, v.
CLARENCE HERROD et al., Defendants and Respondents.

**COUNSEL**

Lester Robert Davis and Thomas H. Senters for Plaintiff and Appellant.

Steve Hartwell for Defendants and Respondents.

**OPINION**

**AULT, J.**—Plaintiff appeals from a partially adverse judgment in an action brought to foreclose a deed of trust securing a $10,000 promissory note.

The trial court held the underlying transaction was governed by, and in violation of, the Unruh Act (Civ. Code, § 1801 et seq.). As a consequence it awarded plaintiff judgment in the amount of $10,000, but disallowed the lien and all interest. In addition, it awarded court costs and $1,000 in attorney fees to the defendants. The defendants have not filed a cross-appeal.

We conclude the Unruh Act is not applicable to the transaction and reverse the judgment.

Insofar as they relate to the issues raised on appeal, the facts are not in dispute. Plaintiff Mills is in the business of moving houses. On January 28, 1969, upon the request and on behalf of defendants Clarence and Ella Herrod, he purchased a four-bedroom house at a freeway auction, paying the California Division of Highways $4,325 in cash and taking a bill of sale in his own name. At that time the house was located at 4011 Antiem Street in San Diego.

On the same day plaintiff entered into a written agreement with defendants, agreeing to sell the house to them "as is, where is" and to move it to their property at 1677 Maple Street in Chula Vista. For the house moved onto their property, defendants agreed to pay plaintiff $10,000 with 10 percent interest payable in 90 days. Defendants made no down payment but gave plaintiff a promissory note for $10,000 payable in 90 days, bearing interest from January 28, 1969 at 10 percent per annum. As security defendants gave plaintiff a trust deed on their Chula Vista property.

Plaintiff performed his part of the contract. The 'entire moving procedure took about three weeks, required him to employ from four to eight men, and to pay out several hundred dollars for materials. He elevated a part of the house on its new location so it now has two stories and six bedrooms. Defendants were responsible for constructing the foundation, completing the structure under the elevated portion, hooking up to plumbing and electricity and making the house habitable.

Plaintiff had expected to make about $1,000 profit on the job, but defendants paid him nothing, either at the time the contract was executed or later. In June 1971 he filed this action to foreclose the trust deed on the property, attaching copies of the contract, note and deed of trust to the complaint. In their answer defendants admitted having made no payment, but by way of counterclaim sought damages for plaintiff's alleged fraudulent misrepresentations that he would obtain financing for defendants and put the house into livable condition. In an amended answer filed later,

defendants alleged the contract and the lien were in violation of the Unruh Act.

Mrs. Herrod testified the house stands on a 2¾-acre plot which is worth about $15,000 per acre, and that they put about $9,000 worth of improvements on the house after plaintiff put it into place. Mr. Herrod testified they borrowed the $9,000, using the property as security.

The court found insufficient evidence to sustain defendants' allegations of fraud and broken promises on the part of the plaintiff, held plaintiff was entitled to judgment for $10,000, but held the contractual provisions for interest and for a security lien on the real property were invalid under the Unruh Act, and awarded defendants costs and $1,000 for attorney fees.

■ The Unruh Act (Civ. Code, § 1801 et seq.) is located in a chapter captioned "Retail Installment Sales." The Act regulates retail installment sales of consumer "goods," as well as sales of services furnished in connection with such goods and security agreements given in connection with such sales, where a deferred payment price is payable in installments (see generally, 2 Witkin, Summary of Cal. Law (8th ed. 1973) Sales, § 234 et seq., p. 1260 et seq.). Ever since its enactment in 1959, the Act has provided in section 1804.3 as follows: "No contract other than one for services shall provide for a lien on any goods theretofore fully paid for or which have not been sold by the seller."

Plaintiff first contends this statute was not intended to prohibit provisions for liens on *real* property in contracts for goods or services. He points out that a lien was allowed a housemover long ago in *Palmer* v. *Lavigne,* 104 Cal. 30 [37 P. 775], and argues the Legislature, by failing to mention liens on real property in section 1804.3, intended to permit them to be taken to secure contracts for the sale of goods or services. "[I]t is not to be presumed that the legislature in the enactment of statutes intends to overthrow long-established principles of law unless such intention is made clearly to appear either by express declaration or by necessary implication." (*County of Los Angeles* v. *Frisbie,* 19 Cal.2d 634, 644 [122 P.2d 526]; see also *Watson* v. *Superior Court,* 24 Cal.App.3d 53, 60 [100 Cal.Rptr. 684].) Defendants point out that the contract in question was made shortly after the Supreme Court's decision in *Morgan* v. *Reasor Corp.,* 69 Cal.2d 881 [73 Cal.Rptr. 398, 447 P.2d 638], which held a contract for sale of a house *to be constructed* on the buyer's land fell within the Unruh Act. In footnote 1 the court said the Act also applied to a securities agreement which provided a lien on the real property.

After the instant contract was made, the 1969 Legislature enacted

section 1801.4, exempting from the Act "any contract . . . providing for the construction, sale, or construction and sale of an entire residence . . . , with or without a parcel of real property . . . ."[1] Therefore, defendants argue, before the addition of section 1801.4 the rule of the *Morgan* case prevailed, and the lien in this case fell within the Act.

We notice, however, that Civil Code section 1804.3 was not mentioned in *Morgan* and nothing in the opinion indicates the court found the "Lien Contract and Deed of Trust" involved there invalid under its provisions. The apparent holding was confined to barring the collection of time-price differential payments because of violations of other sections of the Unruh Act. (Civ. Code, §§ 1803.1, 1803.2 and 1803.4; see *Morgan* v. *Reasor Corp., supra,* p. 886.) Had the trial court invalidated the lien because it was in violation of section 1804.3, we would expect to find some mention of it in the opinion.

In our view the deed of trust given here did not violate Civil Code section 1804.3 quoted above. To the extent it created a lien on the house which was moved onto the property it was upon goods which had not been paid for; to the extent it attached to the real property it was not a lien on goods and was not prohibited by the language of the section itself. Even as it read before the 1969 amendment, we find nothing in the section or in any other provision of the Unruh Act which would invalidate the deed of trust as to the principal obligation in the amount of $10,000.

We need not, however, rest our decision on the above conclusion. Other and more obvious factors indicate the same result. Even if the house to be moved constituted "goods" within the meaning of the Unruh Act (§ 1802.1), and even if moving the house constituted "services" in connection with the sale of goods or in connection with the improvement of real property within the meaning of section 1802.2, still the provision of the Act relating to liens, finance charges and attorney fees, would not apply. The definition of "contract" is found in section 1802.6. The word is defined to mean a contract for a "retail installment sale," which term is defined in section 1802.5 to mean a sale of goods or services for a *deferred payment* price payable in *installments.* It cannot be contended this contract was for an installment sale since it called for no down payment and merely required payment of the full cash price together with interest in 90 days. Installment is defined as "one of several successive payments in settlement of a debt." (American Heritage Dict. (1969 ed.).) A contract calling for

---

[1] The enacting statute specifically provided: "This act is intended to abrogate any contrary rule in *Morgan* v. *Reasor Corp.* . . . ."

a single lump-sum payment is simply not an installment contract and therefore falls outside the ambit of the Unruh Act.

The judgment is reversed and the trial court is directed to enter judgment as prayed for in the complaint.

Brown (Gerald), P. J., and Cologne, J., concurred.